NO. 22-40755

---

# In the United States Court of Appeals
# For the Fifth Circuit

---

BLAZE HICKS,
Plaintiff - Appellee

v.

KERRY PERRY, JAILOR,
Defendant - Appellant

---

## BRIEF OF APPELLANT KERRY PERRY

---

On Appeal from the United States District Court
For the Eastern District of Texas
Lufkin Division
Civil Action No. 9:19-CV-212
Thad Heartfield[1], Judge Presiding

---

David Iglesias
Iglesias Law Firm, PLLC
605 Chase Drive, Suite 8
Tyler, Texas 75701
Telephone: 903.944.7185
Facsimile: 903.630.5338

Attorney For Appellant
Kerry Perry

---

[1] Judge Heartfield died after entering the order which is the subject of this appeal. This case was reassigned to United States District Judge Marcia A. Crone on January 13, 2023.

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case as described in the fourth sentence of Fifth Circuit Rule 28.2.1.  These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

1. **Plaintiff-Appellee**

   Blaze Hicks, #02380289
   TDCJ – Ferguson Unit
   12120 Savage Drive
   Midway, Texas 75852
   *Pro Se Plaintiff-Appellee*

2. **Defendant-Appellant**

   Kerry Perry, Jailer
   *Defendant- Appellant*

3. **Risk Pool for Defendant-Appellant**

   Texas Association of Counties Risk Management Pool

4. **Counsel Pool for Defendant-Appellant**

   David R. Iglesias
   IGLESIAS LAW FIRM, PLLC
   605 Chase Drive, Suite 8
   Tyler, Texas 75701
   *Attorney for Defendant- Appellant*

   /s/David Ryan Herring Iglesias
   David Iglesias
   Attorney of Record for Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Fifth Circuit Rule 28.2.3, Appellant respectfully suggests that oral argument would not be helpful to the Court in the present case.  This appeal does not raise any novel or unique issues, the record is complete, and the briefing process provides the parties with adequate opportunity to present their arguments to the Court.

# **TABLE OF CONTENTS:**

**STATEMENT OF JURISDICTION**....................................................1

**STATEMENT OF ISSUES PRESENTED FOR REVIEW**.................2

**STATEMENT OF THE CASE**........................................................3

   A. Course of Proceedings ............................................................3

   B. Statement of the Facts................................................................5

**SUMMARY OF THE ARGUMENT** ..................................................8

**ARGUMENT AND AUTHORITIES**..................................................9

   i. Summary Judgment Standard..................................................9

   ii. Section 1983 and the Qualified Immunity Standard.................11

     A. Issue No. 1: The evidence in the record clearly shows that Mr. Perry did not violate Appellee's constitutional right to be free from excessive force................................................................14

       i. The Law of Excessive Force...................................................14

       ii. Any force used against Appellee was reasonable................18

         a. The amount of force was reasonable .........................18

         b. The circumstances surrounding the use of force show that it was reasonable....................................................19

         c. Appellee failed to meet his burden of showing that Mr. Perry is not entitled to qualified immunity....................21

     B. Issue No. 2: Mr. Perry would be entitled to qualified immunity even if Appellee's constitutional right to be free from excessive force were violated because not all reasonable law enforcement officers in his position would believe that the force used was unconstitutional........25

**CONCLUSION** .................................................................................30

**CERTIFICATE OF SERVICE** .......................................................31

**CERTIFICATE OF COMPLIANCE** .............................................32

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242, 247, 248, 249 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)
................................................................................................................9

*Angulo v. Brown,*
978 F.3d 942, 949 (5th Cir. 2020) ..............................................................14

*Ashcroft v. al-Kidd,*
563 U.S. 731, 741, 742, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011) ..........
.........................................................................................................12, 25

*Baldwin v. Stalder,*
137 F.3d 836, 840 (5th Cir. 1998) ..............................................................20

*Batyukova v. Doege,*
994 F.3d 717, 724 (5th Cir. 2021) ..............................................................21

*Bell v. Wolfish,*
441 U.S. 520, 540, 550, 559, 561, 99 S. Ct. 1861, 60 L. Ed. 447 (1979)
.............................................................................................16, 18, 25, 29

*Brosseau v. Haugen,*
543 U.S. 194, 198, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) ......................25

*Brown v. Callahan,*
623 F.3d 249, 253 (5th Cir. 2010), *cert. denied*, 563 U.S. 1021, 131 S. Ct.
2932, 180 L. Ed. 2d 225 (2011) ....................................................................21

*Bush v. Strain,*
513 F.3d 492, 502 (5th Cir. 2008) ..............................................................15

*Celotex  v. Catrett,*
477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).....8, 9

*City & Cnty. of San Francisco v. Sheehan,*
575 U.S. 600, 613, 135 S. Ct. 1765, 1776, 191 L. Ed. 2d 856 (2015) ..........13

*Colson v. Grohman,*
    174 F.3d 498, 504 n. 2 (5th Cir. 1999) ........................................................11

*Cowart v. Erwin,*
    837 F.3d 444, 454 (5th Cir. 2016) ...............................................................11

*Daniels v. City of Arlington,*
    246 F.3d 500, 502 (5th Cir. 2001) .................................................................9

*Deville v. Marcantel,*
    567 F.3d 156, 169 (5th Cir. 2009) ........................................................15, 17

*District of Columbia v. Wesby,*
    ___U.S.___, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018) .........................14

*Duffy v. Leading Edge Prods., Inc.,*
    44 F.3d 308, 312 (5th Cir. 1995) .................................................................10

*Felton v. Polles,*
    315 F.3d 470, 477 (5th Cir. 2002) ...............................................................27

*Forsyth v. Barr*,
    19 F.3d 1527, 1537 (5th Cir. 1994) .............................................................10

*Galvan v. City of San Antonio,*
    435 F. App'x 309, 311 (5th Cir. 2010) ........................................................17

*Goff v. Garcia*,
    No. H-10-2487, 2011 WL 1831681, at *5 (S.D. Tex. May 12, 2011).........20

*Gomez v. Chandler,*
    163 F.3d 921, 923 (5th Cir. 1999) ...............................................................17

*Gonzalez v. Rowe*,
    No. 5:20cv52, 2020 WL 4811005, at *3 (N.D. Tex. July 27, 2020) ......20, 29

*Graham v. Connor*,
    490 U.S. 386, 395, 396, 397, 109 S. Ct. 1865, 1985 104 L. Ed. 2d 443 (1989)
    ........................................................................ 15, 16, 17, 18, 26, 29

*Grayson v. Peed*,
    195 F.3d 692, 696-97 (5th Cir. 1999), *cert. denied sub nom* .............19, 20, 29

*Grayson v. Royer*,
    529 U.S. 1067, 120 S. Ct. 1673, 146 L. Ed. 2d 482 (2000) .........................20

*Griggs v. Brewer*,
    841 F.3d 308, 313-14 (5th Cir. 2016)............................................................26

*Harrington v. Harris*,
    119 F.3d 359, 365 (5th Cir. 1997) ...............................................................11

*Harris v. Serpas*,
    745 F.3d 767, 772 (5th Cir.) *cert. denied*, 574 U.S. 823, 135 S. Ct. 137, 190 L.
    Ed. 2d 45 (2014) .........................................................................................15

*Hathaway v. Bazany*,
    507 F.3d 312, 319 (5th Cir. 2007) ..........................................................21, 22

*Hill v. Carpenter*,
    37 F.3d 631 (5th Cir. 1994)(per curiam)........................................................20

*Hudson v. McMillian*,
    503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) .............................19

*Hunter v. James*,
    No. 3:14cv1817, 2017 WL 3972004, at *5 (N.D. Tex. Aug. 2, 2017), *report
    and recommendation adopted*, 2017 WL 3911606 (N.D. Tex. Sept. 5, 2017),
    *aff'd*, 717 F. App'x 500 (5th Cir. 2018) (per curiam) ...................................22

*Huong v. City of Port Arthur*,
    961 F. Supp. 1003, 1006 (E.D. Tex. 1997) .................................................15

*Ikerd v. Blair*,
    1010 F.3d 430, 434 (5th Cir. 1996)................................................................16

*Jackson v. City of Hearne*,
    959 F.3d 194, 201 (5th Cir. 2020) ...................................................8

*Johnson v. Glick*,
    481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S. Ct. 462, 38
    L. Ed. 2d 324 (1973)..................................................................17

*Johnston v. Harris Cnty. Flood Control Dist.*,
    869 F.2d 1565, 1573 (5th Cir. 1989) ..........................................11

*Jones v. Bock*,
    549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ......................7

*Joseph v. Bartlett*,
    981 F.3d 319, 329, 330 (5th Cir. 2020) ..............................21, 22, 24

*King v. Handorf*,
    821 F.3d 650, 653-54 (5th Cir. 2016) ..........................................21

*Kingsley v. Hendrickson*,
    576 U.S. 389, 397, 399, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015) .....16, 29

*Kipps v. Callier*,
    197 F.3d 765, 769 (5th Cir. 1999) ...............................................16

*Kisela v. Hughes*,
    ___U.S.___, 138 S. Ct. 1148, 1153, 200 L. Ed. 2d 449 (2018) (per curiam) ...
    ......................................................................................13, 14

*Kovacic v. Villarreal*,
    628 F.3d 209, 211 (5th Cir. 2010) ...............................................21

*Little v. Liquid Air Corp.*,
    37 F.3d 1069, 1075 (5th Cir. 1994) ........................................10, 23

*Malley v. Briggs*,
    475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986) ...................14

*Mason v. Faul*,
> 929 F.3d 762, 764 (5th Cir. 2019), *cert. denied*, ___U.S.___, 141 S. Ct. 116, 207 L. Ed. 2d 1054 (2020) ............................................................................27

*Melton v. Phillips*,
> 875 F.3d 256, 265 (5th Cir. 2017) (en banc) ...............................................29

*Michalik v. Hermann*,
> 422 F.3d 252, 262 (5th Cir. 2005) ..........................................................22, 23

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
> 465 U.S. 75, 82, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984) ............................11

*Minix v. Blevins*,
> 6:06cv306, 2007 WL 1217883, at *24 (E.D. Tex. May 2, 2013) ...........20, 29

*Mitchell v. Forsyth*,
> 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) .......................1

*Morrow v. Meachum*,
> 917 F.3d 870, 874, 875, 876 (5th Cir. 2019) ............ 11, 12, 13, 23, 24, 26, 29

*Mullenix v. Luna*,
> 577 U.S. 7, 11, 12, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) (per curiam) ........................................................................................................12

*Newman v. Guedry*,
> 703 F.3d 757, 761 (5th Cir. 2012), *cert. denied*, 571 U.S. 826, 134 S. Ct. 162, 187 L. Ed. 2d 40 (2013)..............................................................................16

*Orr v. Copeland*,
> 844 F.3d 484, 490, 493 (5th Cir. 2016)......................................17, 19, 21, 24

*Pasco ex rel. Pasco v. Knoblauch*,
> 566 F.3d 572, 582 (5th Cir. 2009) ...............................................................13

*Pearson v. Callahan*,
> 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) .....................12

*Poole v. City of Shreveport,*
    691 F.3d 624, 627 (5th Cir. 2012) ...................................................15

*Ragas v. Tenn. Gas Pipeline Co.,*
    136 F.3d 455, 458 (5th Cir. 1998) ......................................10, 24, 25

*Ramirez v. Knoulton,*
    542 F.3d 124, 128 (5th Cir. 2008) ...................................................15

*Ramirez v. Martinez,*
    716 F.3d 369, 377 (5th Cir. 2013) ...................................................18

*Rios v. McBain,*
    No. 5:04cv84, 2005 WL 1026192, at *7 (E.D. Tex. Apr. 28, 2005).......20, 29

*Romero v. City of Grapevine,*
    888 F.3d 170, 176 (5th Cir. 2018) ...................................................14

*Salcido v. Harris Cnty.,*
    No. H-15-2155, 2018 WL 4690276, at *30 (S.D. Tex. Sept. 28, 2018) .19, 29

*Skotak v. Tenn. Resins, Inc.,*
    953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992) ..........................10, 25

*Tarver v. City of Edna,*
    410 F.3d 745, 750, (5th Cir. 2005) ...................................................27

*Tucker v. City of Shreveport,*
    998 F.3d 165, 171-72, 173 (5th Cir. 2021) .......................26, 27, 28

*Turner v. Baylor Richardson Med. Ctr.,*
    476 F.3d 337, 343 (5th Cir. 2007) ...................................................22, 23

*Vann v. City of Southaven, Miss.,*
    884 F.3d 307, 309 (5th Cir. 2018) ...................................................12

*Vincent v. City of Sulphur,*
    805 F.3d 543, 547 (5th Cir. 2015) ...................................................29

*Waganfeald v. Gusman,*
     674 F.3d 475, 483 (5th Cir. 2012) ................................................................11

*Wagner v. Bay City, Tex.,*
     227 F.3d 316, 321 (5th Cir. 2000) ...............................................................18

*Walker v. Geithner,*
     400 F. App'x. 914, 916, 2010 WL 4386747, at *1 (5th Cir. 2010) ................8

*White v. Pauly,*
     580 U.S. 73, 76, 137 S. Ct. 548, 196 L. Ed. 2d 463 (2017) ........................27

*Wilkins v. Gaddy,*
     559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) ......................19

*Williams v. Bramer,*
     180 F.3d 699, 703 (5th Cir. 1999) ...............................................................16

*Woodford v. Ngo,*
     548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) ........................7

**Rules**
FED. R. APP. P 32..........................................................................................32

FED. R. CIV. P 56(c)........................................................................................9

**Statutes**
28 U.S.C. § 1292............................................................................................1

42 U.S.C. § 1983 ...............................................................................11, 12, 15

**AMENDMENTS**
U.S. CONST. AMEND. IV ......................................................15, 17, 18, 25

## STATEMENT OF JURISDICTION

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292 because it is an appeal of an order denying Kerry Perry's assertion of qualified immunity. (ROA.474-475.) *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985).   The magistrate judge entered her report and recommendation that Mr. Perry's motion for summary judgment on the issue of qualified immunity be denied on October 7, 2022.  (ROA.444-452.)  Mr. Perry objected to the report and recommendation on October 20, 2022 (ROA.453-459), and the district court overruled Mr. Perry's objection and adopted the magistrate judge's report and recommendation on November 9, 2022.  (ROA.474-475.)  Mr. Perry timely filed his notice of appeal on November 17, 2022, within thirty days of the district court's order adopting the report and recommendation.  (ROA.479-480.)

## <u>STATEMENT OF ISSUES PRESENTED FOR REVIEW</u>

**<u>ISSUE NO. 1:</u>**  The evidence in the record shows that Appellee's right to be free from excessive force was not violated.

**<u>ISSUE NO. 2:</u>**  Mr. Perry is entitled to qualified immunity from Appellee's excessive force claim because not all reasonable law enforcement officers in his position would believe that the force used against Appellee would have violated his constitutional rights under these circumstances.

## **STATEMENT OF THE CASE**

### **A. Course of Proceedings**

The Appellant initiated the underlying litigation by filing his original complaint in the United States District Court for the Eastern District of Texas, Lufkin Division, on November 7, 2019. (ROA.12–19.)  On December 6, 2021, Counsel for Defendants filed an answer and affirmative defenses on behalf of all defendants, including Mr. Perry. (ROA.192–196.)  In his original answer, Mr. Perry pleaded the affirmative defense of qualified immunity. (ROA.194.)

On February 7, 2022, Mr. Perry and the other Defendants filed their motion for summary judgment for failure to exhaust administrative remedies. (ROA.241–273.)  Appellee did not respond to the motion for summary judgment for failure to exhaust.

On August 31, 2022, the magistrate judge recommended that the motion for summary judgment for failure to exhaust be denied because "Plaintiff checked the box [on the Complaint form] indicating that he had exhausted administrative remedies with respect to" the use of force. (ROA.396.)  Mr. Perry and the other defendants objected to the report and recommendation (ROA.403-411), and the district judge overruled the objection. (ROA.431-432.)  Mr. Perry and the other defendants then filed a motion to certify the court's order for interlocutory appeal (ROA.460-467) which was later denied by the district judge. (ROA.477-478.)

Mr. Perry and the other Defendants filed their substantive motion for summary judgment on April 1, 2022, attaching evidence showing that any force used against Appellee was reasonable under the circumstances. (ROA.312-356.) Appellee responded on April 27, 2022, but did not attach any evidence to his response. (ROA.360-364.) Mr. Perry and the other Defendants filed their reply on May 4, 2022. (ROA.365-368.)

On October 7, 2022, the magistrate judge recommended that the Appellee's claims be dismissed as to all defendants except Mr. Perry. (ROA.444-452.) Mr. Perry objected to the magistrate judge's recommendation that he be denied qualified immunity on October 20, 2022. (ROA.453-459.) The district judge overruled the objection on November 9, 2022, and adopted the magistrate judge's recommendation. (ROA.474-475.)

The only claim that survives in the underlying litigation is Appellee's excessive force claim against Mr. Perry. Mr. Perry timely filed his Notice of Appeal on November 17, 2022 (ROA.479-480), and the district court then administratively closed the case pending the resolution of the appeal. (ROA.481.)

As discussed more fully below, the evidence in the record clearly shows that Mr. Perry is entitled to qualified immunity from Appellee's excessive force claim. Therefore, the district court erred in denying his motion for summary judgment.

## B.  Statement of the Facts[2]

On September 23, 2019, Appellee was arrested for murdering a man in Warren, Texas.  (ROA.343-344.)  He pleaded not guilty to the first degree felony charge and was remanded to the Tyler County Jail to await trial.

During a visitation with his grandparents on October 27, 2019, Appellee became agitated and started yelling and cursing at the elderly couple.  (ROA.350-352, 354.)  During his tirade, Appellee slammed the receiver of the telephone on a metal plate in the visitation area, leapt from his seat, punched a metal door, and punched a concrete wall.  (ROA.351-352, 354.)  Appellee's violent outburst could be heard by inmates and jailers as far away as the sheriff's office's communications room outside of the jail.  (ROA.350.)

Appellee refused to calm down and officers immediately recognized that Appellee's behavior put the safety and security of the Jail at risk by inciting other inmates to either behave similarly or to act out against him.  (ROA.354.)  It was clear that Appellee's violent behavior had to be swiftly and decisively stopped because it posed a serious risk of harm to inmates, jail personnel, and Appellee himself.  (ROA.354.)

---

[2] The documents to which Mr. Perry cites are the subject of a business records affidavit which is located on pages 271 and 272 of the record on appeal.

Mr. Perry was among several jailers who heard Appellee's tirade. (ROA.350-352, 354.) In order to abate the serious risk that Appellee's behavior posed, Mr. Perry approached Appellee, told him that the visitation was terminated, and ordered him to return to his cell. (ROA.354.) Rather than obeying Mr. Perry's orders, however, Appellee cursed Mr. Perry, threatened to fight him, and then attacked him. (ROA.352, 354.)

When Appellee attacked him, Mr. Perry grabbed Appellee by the shirt and attempted to subdue him. (ROA.352.) Appellee then began to fight with Mr. Perry and both men fell to the floor. (ROA.351.)

Eventually, Mr. Perry gained sufficient control over Appellee and removed him from the visitation room and led him into the adjoining hallway. (ROA.351.) While Mr. Perry escorted Appellee away from the visitation area, Appellee turned around and charged Mr. Perry once again. (ROA.351.)

At this point, Deputy Brian Seales arrived to assist Mr. Perry in subduing Appellee. (ROA.350.) As with Mr. Perry, Appellee refused Deputy Seales' orders to place his hands behind his back. (ROA.350.) Even though Deputy Seales attempted to diffuse the situation by talking calmly to him, Appellee continued to curse at Mr. Perry and threaten to fight him. (ROA.350.) Eventually, Mr. Perry and Deputy Seales placed Appellee inside a detoxification cell. (ROA.350-352, 355.)

Notably, the uncontroverted evidence in the record shows that Appellee did not file or appeal any grievances relating to this use of force as required by the Jail's grievance policies.    (ROA.251-272.)    Therefore, he did not exhaust his administrative remedies prior to filing suit.  Indeed, the Court should reverse the district court's order for this reason alone to preserve valuable and scarce judicial resources.  *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *see also Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006).

In early 2022, Appellee was tried for murder in the state district court in Tyler County.  (ROA.346-348.)  A jury found him guilty of murder on February 11, 2022, and sentenced him to serve the rest of his life in prison.  (ROA.346-348.)

## SUMMARY OF THE ARGUMENT

"Even if there is a dispute regarding some material facts, a movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of the non-moving party's claim." *Walker v. Geithner*, 400 F. App'x. 914, 916, 2010 WL 4386747, at *1 (5th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed 2d 265 (1986)). Here, all of the evidence in the record shows that Mr. Perry did not exercise objectively unreasonable force against Appellee. Therefore, he is entitled to qualified immunity because Appellee has not met his burden of proving that his constitutional rights were violated. *Jackson v. City of Hearne*, 959 F.3d 194, 201 (5th Cir. 2020) ("The Plaintiff has the burden of establishing a constitutional violation and overcoming a . . . [qualified immunity] defense."). The district court erred in denying Mr. Perry's motion for summary judgment on the issue of qualified immunity.

Even if Appellee had carried his burden of showing that his constitutional rights were violated, however, the evidence in the record shows that Appellee's rights under these circumstances were not clearly established such that a reasonable jailer in Mr. Perry's position would have known that the force exercised against him was reasonable. Therefore, the district court erred in denying Mr. Perry's motion for summary judgment on the issue of qualified immunity.

## ARGUMENT AND AUTHORITIES

### *i.  Summary Judgment Standard*

Summary Judgment is proper if the movant establishes that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).  Facts are considered "material" if they "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *see also Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001).  A material fact creates a "genuine issue" if the evidence is such that the trier of fact reasonably could resolve the factual dispute in favor of either party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505.

The Supreme Court has interpreted the plain language of Rule 56 (c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  A party moving for summary judgment bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Id.*

If a party moving for summary judgment meets the initial burden, Rule 56 (c) requires the nonmovant  to go beyond the pleadings and show by affidavits,

depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist which create a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).   The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the party's claim. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

Unsupported allegations or affidavit or deposition testimony asserting ultimate or conclusory facts and conclusions of law are not sufficient to defeat a motion for summary judgment. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir.1995) (citing *Anderson*, 447 U.S. at 247, 106 S. Ct. 2505).   Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little,* 37 F.3d at 1075.

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998) (quoting *Skotak v. Tenn. Resins, Inc.,* 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992)).   Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *Anderson,* 477 U.S. at 249, 106 S. Ct. 2505.

## *ii.  Section 1983 and the Qualified Immunity Standard*

"Section 1983 creates a private right of action for redressing the violation of federal law by those acting under color of state law." *Colson v. Grohman*, 174 F.3d 498, 504 n. 2 (5th Cir. 1999) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)).  "[A]n underlying constitutional or statutory violation is a predicate to liability under § 1983." *Harrington v. Harris*, 119 F.3d 359, 365 (5th Cir. 1997) (quoting *Johnston v. Harris Cnty. Flood Control Dist.*, (869 F.2d 1565, 1573 (5th Cir. 1989)) (internal quotation marks and citations omitted).

Section 1983 allows a plaintiff to redress alleged constitutional violations by "seek[ing] money damages from the personal pocket of a law enforcement officer." *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).  "The qualified immunity doctrine makes that task difficult in every case." *Id*.

"A public official is entitled to qualified immunity unless the plaintiff can demonstrate that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Cowart v. Erwin*, 837 F.3d 444, 454 (5th Cir. 2016) (quoting *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012)).  While it is often appropriate to answer these two questions sequentially, courts may exercise their "sound discretion in deciding which of the two prongs of the qualified

immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

"The second question – whether the officer violated clearly established law – is a doozy. The § 1983 plaintiff bears the burden of proof. And the burden is heavy." *Morrow*, 917 F.3d at 874 (citing *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018)) (internal citations omitted). "A right is clearly established only if relevant precedent 'has placed the constitutional question beyond debate." *Id*. (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)) (internal quotation marks, brackets, and punctuation omitted). In finding that "[t]he pages of the *United States Reports* teem with warnings about the difficulty of placing a question beyond debate," this Court has developed "four applicable commandments" to apply when determining whether a right is clearly established. *Id*.

First, a court must "frame the constitutional question with specificity and granularity." *Id*. at 874-75. Rather than defining clearly established law with a "high level of generality . . . , the dispositive question is whether the violative nature of the *particular* conduct is clearly established." *Id*. at 875 (quoting *al-Kidd*, 563 U.S. at 742, 131 S. Ct. 2074; *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S. Ct. 305, 193 L. Ed. 2d 255 (2015) (per curiam)) (emphasis in original) (internal brackets omitted).

"Qualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from unreasonable searches and seizures." *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 613, 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015).

"Second, clearly established law comes from holdings, not dicta." *Morrow*, 917 F.3d at 875. The reason for this is a practical one: "officers are not charged with memorizing every jot and tittle" a court uses to explain a holding. *Id*. at 876.

"Third, overcoming qualified immunity is especially difficult in excessive force cases." *Id*.

> This is an area of the law in which the result depends very much on the facts of each case, and thus police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue. And as this case illustrates, excessive-force claims often turn on split second decisions to use . . . force. That means the law must be *so* clearly established that – in the blink of an eye, in the middle of a high-speed chase – every reasonable officer would know it immediately.

*Id*. (quoting *Kisela v. Hughes*, ___U.S.___, 138 S. Ct. 1148, 1153, 200 L. Ed. 2d 449 (2018) (per curiam); *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 582 (5th Cir. 2009)) (emphasis in original).

"The fourth and final commandment is . . . [that courts] must think twice before denying qualified immunity." *Id*. Due to the "importance of qualified immunity to society as a whole," courts are "ill advised to . . . deny qualified

immunity to anyone but the plainly incompetent or those who knowingly violate the law." *Id*. (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)).

In short, plaintiffs seeking to prove that an officer is not entitled to qualified immunity are "seeking an extraordinary remedy.  To get it, they must make an extraordinary showing." *Id*.  They must "identif[y] a controlling precedent that squarely governs the specific facts at issue." *Id*. (quoting *Kisela*, ___U.S.___, 138 S. Ct. at 1153).  The Supreme Court has called it a "demanding standard." *District of Columbia v. Wesby*, ___U.S.___, 138 S. Ct. 577, 199 L. Ed. 2d 453 (2018). "Accordingly, qualified immunity represents the norm, and courts should deny a defendant immunity only in rare circumstances." *Angulo v. Brown*, 978 F.3d 942, 949 (5th Cir. 2020) (quoting *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018)) (internal quotation marks omitted).

A. **<u>ISSUE NO. 1: The evidence in the record clearly shows that Mr. Perry did not violate Appellee's constitutional right to be free from excessive force.</u>**

i. ***<u>The Law of Excessive Force</u>***

The United States Constitution guarantees individuals the right to be free from excessive force, and "it [is] clearly established the amount of force officers [can] use depend[s] on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to

flee." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (quoting *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008)); *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). The Supreme Court has held that "*all* claims that law enforcement officials have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard. . . ." *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

To succeed on an excessive force claim arising under the Fourth Amendment, a § 1983 plaintiff "must establish: (1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness was clearly unreasonable." *Harris v. Serpas*, 745 F.3d 767, 772 (5th Cir.) *cert. denied*, 574 U.S. 823, 135 S. Ct. 137, 190 L. Ed. 2d 45 (2014) (quoting *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008)). If any of these three elements fails, the plaintiff's excessive force claim will fail. *Huong v. City of Port Arthur*, 961 F. Supp. 1003, 1006 (E.D. Tex. 1997).

"As in other Fourth Amendment contexts, . . . the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397, 109 S. Ct. 1865. "Objective reasonableness is a matter of law for

the courts to decide, not a matter for the jury." *Kipps v. Callier*, 197 F.3d 765, 769 (5th Cir. 1999) (quoting *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)).

The reasonableness of a use of force must be assessed "from the perspective and with the knowledge of the defendant officer" and with "deference to policies and practices needed to maintain order and institutional security." *Kingsley v. Hendrickson*, 576 U.S. 389, 399, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015). Courts must consider policies and practices judged necessary by jail officials for the legitimate interests of preserving internal order, discipline, and institutional security. *Id*. at 397, 135 S. Ct. 2466 (citing *Bell v. Wolfish*, 441 U.S. 520, 540, 99 S. Ct. 1861, 60 L. Ed. 447 (1979)). The Supreme Court has observed that "[e]nsuring security and order at [an] institution is a permissible nonpunitive objective . . . ." *Bell*, 441 U.S. at 561, 99 S. Ct. 1861.

"Claims of excessive force are fact-intensive; whether the force used was 'clearly excessive' and 'clearly unreasonable' depends on 'the facts and circumstances of each particular case.'" *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012), *cert. denied*, 571 U.S. 826, 134 S. Ct. 162, 187 L. Ed. 2d 40 (2013) (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865). In gauging the objective reasonableness of the force used by a law enforcement officer, [the court] must balance the amount of force used against the need for that force." *Ikerd v. Blair*, 1010 F.3d 430, 434 (5th Cir. 1996).

The determination of whether a particular use of force was reasonable under the Fourth Amendment "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396-97, 109 S. Ct. 1865. "[A] constitutional violation does not occur every time an officer touches someone." *Id.* Importantly, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers,' violates the Fourth Amendment." *Graham*, 490 U.S. at 396, 109 S. Ct. 1865 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S. Ct. 462, 38 L. Ed. 2d 324 (1973)). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation. *Id.*

When confronting a use of force situation, "officers must assess not only the need for force, but also 'the relationship between the need and the amount of force used.'" *Deville*, 567 F.3d at 167 (quoting *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999)). Thus, "[w]hen dealing with an uncooperative suspect, police officers act within the scope of objective reasonableness when they ''react [] with measured and ascending responses.'" *Orr v. Copeland*, 844 F.3d 484, 493 (5th Cir. 2016) (quoting *Galvan v. City of San Antonio*, 435 F. App'x 309, 311 (5th Cir. 2010)). Courts should be "careful not to engage in second-guessing officers in situations in

which they have to make split-second, on-the-scene decisions while confronted with a violent individual." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 321 (5th Cir. 2000).

As the Supreme Court held in *Graham*:

> Because '[t]he tests of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application,' . . . its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Graham*, 490 U.S. at 396, 109 S. Ct. 1865 (quoting *Bell*, 441 U.S. at 550, 99 S. Ct. 1861). These considerations are commonly referred to as "the *Graham* factors." *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013).

### ii. *Any force used against Appellee was reasonable.*

#### a. The amount of force was reasonable.

In the present case, Mr. Perry produced summary judgment evidence which showed that the force used against Appellee was reasonable in light of the rapidly-evolving events. The evidence in the record shows that Appellee created a disturbance in the Jail which posed an immediate threat to himself, other inmates, and jail staff. (ROA.354.) When Mr. Perry terminated the visitation and ordered Appellee back to his cell, Appellee refused his orders, cursed him, threatened him, and charged him. (ROA.350-352, 354.) The evidence in the record shows that

Appellee continuously physically resisted Mr. Perry and Deputy Seales throughout the event. (ROA.350-352, 354.)

The evidence in the record clearly shows that Mr. Perry "react[ed to the threat Appellee posed] with measured and ascending responses." *Orr*, 844 F.3d at 493. Rather than following Mr. Perry's lawful orders, Appellee cursed Mr. Perry and attacked him.

Knowing that Appellee was charged with murder – an inherently violent and heinous crime – Mr. Perry used reasonable force to subdue him and neutralize the threat. (ROA.350-352, 354.) The evidence in the record shows that the use of force was a good-faith effort to restore discipline, not to maliciously and sadistically cause harm. (ROA.350-352, 354.) *See Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). In light of the tense and rapidly-evolving circumstances, the force used against Appellee was objectively reasonable.

### b. The circumstances surrounding the use of force show that it was reasonable.

The reasonableness of Mr. Perry's actions is clear in light of the fact that Appellee's violent outburst occurred in a jail setting. Jailers may "apply reasonable force to control an uncooperative, disruptive inmate and maintain order in . . . [a] jail. . . ." *Salcido v. Harris Cnty.*, No. H-15-2155, 2018 WL 4690276, at *30 (S.D. Tex. Sept. 28, 2018); *Grayson v. Peed*, 195 F.3d 692, 696-97 (5th Cir. 1999), *cert.*

*denied sub nom. Grayson v. Royer*, 529 U.S. 1067, 120 S. Ct. 1673, 146 L. Ed. 2d 482 (2000) ("In dealing with such agitated detainees prison officials must not be forced to walk a tightrope and face the prospect of a lawsuit no matter which way they turn . . . . If officers attempt to restrain such a detainee . . . , they risk an excessive force claim.  On the other hand, if they fail to restrain such a detainee they could be subject to another lawsuit brought by other detainees or even the obstreperous detainee himself.").  Officials are justified in using some degree of force "in a good-faith effort to maintain or restore discipline" where an inmate refuses to cooperate with a jailer's legitimate directions.  *Gonzalez v. Rowe*, No. 5:20cv52, 2020 WL 4811005, at *3 (N.D. Tex. July 27, 2020) (finding "some degree of force" by jailers was justified when inmate "refus[ed] to comply with the officers' repeated orders to lie on the cell's floor" because "[d]isobeying orders poses a threat to the order and security of an institution"); *Minix v. Blevins*, No. 6:06cv306, 2007 WL 1217883, at *24 (E.D. Tex. May 2, 2013); *Rios v. McBain*, No. 5:04cv84, 2005 WL 1026192, at *7 (E.D. Tex. Apr. 28, 2005) ("open defiance of orders plainly poses a threat to the security of the institution, regardless of whether or not the defiance is emanating from within a locked cell"), report & recomm. adopted 2005 WL 1026192 (E.D. Tex. Apr. 28, 2005); *Hill v. Carpenter*, 37 F.3d 631 (5th Cir. 1994) (per curiam); *Goff v. Garcia*, No. H-10-2487, 2011 WL 1831681, at *5 (S.D. Tex. May 12, 2011); *Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998).

### c. Appellee failed to meet his burden of showing that Mr. Perry is not entitled to qualified immunity.

Further, Appellee had the heavy burden of disproving Mr. Perry's qualified immunity. "When a public official makes 'a good-faith assertion of qualified immunity,' that 'alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020) (quoting *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016)); *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021) ("The defense of qualified immunity 'alters the usual summary judgment burden of proof.'); *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). Once a defendant properly raises the defense, the burden shifts to the plaintiff to demonstrate that the defendant is not entitled to the defense's protection." *Id*. "In other words, to shift the burden to the plaintiff, the public official need not show (as other summary judgment movants must) an absence of genuine disputes of material fact and entitlement to judgment as a matter of law." *Joseph*, 981 F.3d at 330 (citing *King v. Handorf*, 821 F.3d 650, 653-54 (5th Cir. 2016)).

It is Appellee's burden to show that a genuine issue of material fact exists as to whether the official is entitled to qualified immunity. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010), *cert. denied*, 563 U.S. 1021, 131 S. Ct. 2932, 180 L. Ed. 2d 225 (2011). Appellee "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Hathaway*

*v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

Here, Mr. Perry went far beyond his responsibility by providing the district court with ample summary judgment evidence showing that any force he used against Appellee was reasonable. Appellee filed a response which contained only argument and to which he did not attach any summary judgment evidence. (ROA.360-364.) Therefore, Appellee clearly failed to carry his burden of proving that Mr. Perry is not entitled to qualified immunity as described in *Joseph*, *supra*.

Contrary to the district court's holding, the conclusory statements in Appellee's verified pleading are insufficient to carry his burden of producing summary judgment evidence showing that Mr. Perry is not entitled to qualified immunity. On the contrary, "the [c]ourt need not accept a non-movant's verified factual allegations that are merely conclusory or speculative." *Hunter v. James*, No. 3:14cv1817, 2017 WL 3972004, at *5 (N.D. Tex. Aug. 2, 2017), *report and recommendation adopted*, 2017 WL 3911606 (N.D. Tex. Sept. 5, 2017), *aff'd*, 717 F. App'x 500 (5th Cir. 2018) (per curiam).

Rather, Appellee is required to rebut the defense by establishing that the alleged wrongful conduct violated clearly established law. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). In order to overcome the defense of qualified immunity at the summary judgment stage, Appellee cannot rest on conclusory

allegations or assertions. *Id*. Instead, he must demonstrate genuine issues of material fact regarding the reasonableness of Mr. Perry's conduct. *Id*.

Here, Appellee's verified Complaint amounts to nothing more than conclusory allegations, unsubstantiated assertions, and far less than a scintilla of evidence which this Court has held insufficient to overcome competent summary judgment evidence. *Turner*, 476 F.3d at 343; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5ᵗʰ Cir. 1994). Apart from his bald assertions, Appellee produced no summary judgment evidence sufficient to carry his burden of overcoming Mr. Perry's qualified immunity. Therefore, the district court erred in denying Mr. Perry's motion for summary judgment on the issue of qualified immunity.

Regardless, however, the district court found that Appellee – who did not submit any summary judgment evidence to controvert Mr. Perry's assertion of qualified immunity – carried the "heavy" burden of disproving qualified immunity by filing a complaint on a form which required him to state the facts under the penalty of perjury. *Morrow*, 917 F.3d at 874. (ROA.449.) The standard complaint form which Appellee submitted is promulgated by the judiciary and available on the district court's website. (https://txed.uscourts.gov/sites/default/files/forms/PRISONER%201983%20Civil%20Rights%20Complaint%20Fee%24402.pdf, last visited February 17, 2023.)

Holding that naked allegations on a court-promulgated complaint form is sufficient evidence for a plaintiff to carry the heavy burden of disproving qualified immunity wholly eviscerates the burden-shifting analysis in *Joseph*, *supra*. It cannot have been the intent of this Court when it entered its holdings in *Joseph*, *Orr*, and *Morrow*, that a mere verified complaint could meet this heavy burden. By holding that this burden is satisfied by merely making allegations on a complaint form available on the district court's website, the lower court rendered the burden-shifting requirement completely meaningless. The district court erred in denying Mr. Perry qualified immunity.

Further, Appellee did not carry his burden even under the more lenient standard applicable to all cases under Federal Rule of Civil Procedure 56. When Mr. Perry produced the aforementioned summary judgment evidence, the burden shifted to Appellee to produce evidence which created a genuine issue of material fact as to the use of force. Rule 56 requires a party opposing a motion for summary judgment to support his position by "citing to particular parts of materials in the record." "Unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.

1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992)).

Here, Appellee failed to carry his burden of producing any such evidence. On the contrary, Appellee's response contained only arguments, and he did not provide the court with any summary judgment evidence. (ROA.360-364.) Appellee therefore did not carry his burden even under the more forgiving Rule 56 standard.

In sum, the evidence in the record clearly shows that Appellee did not carry his burden of showing that Mr. Perry is not entitled to qualified immunity. Therefore, the district court erred in denying Mr. Perry's motion for summary judgment.

**B. <u>ISSUE NO. 2: Mr. Perry would be entitled to qualified immunity even if Appellee's constitutional right to be free from excessive force were violated because not all reasonable law enforcement officers in his position would believe that the force used was unconstitutional.</u>**

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L. Ed. 2d 149 (2011)). It "shields an officer from suit when [the officer] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004).

Partly because "[t]he reasonableness test under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell*, 441 U.S. at 559, 99 S.

Ct. 1861, "overcoming qualified immunity is especially difficult in excessive force cases." *Morrow*, 917 F.3d at 876. This Court has previously held that the law of excessive force "depends very much on the facts of each case," and uses of force "often turn on split second decisions." *Id*. Therefore, "the law must be *so* clearly established that – in the blink of an eye, in the middle of a high-speed chase – every reasonable officer would know it immediately." *Id*.

It logically follows that the reasonableness of a use of force must be judged from the perspective of a reasonable officer on the scene. *Graham*, 490 U.S. at 396, 109 S. Ct. 1985. Instead, "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id*. at 396-97, 109 S. Ct. 1865.

"Although all disputed facts are construed in favor of the non-movant in the summary judgment context, evaluating the reasonableness of an officer's use of force requires consideration of how a reasonable officer would have perceived those facts." *Tucker v. City of Shreveport*, 998 F.3d 165, 171-72 (5th Cir. 2021) (citing *Griggs v. Brewer*, 841 F.3d 308, 313-14 (5th Cir. 2016)).

In excessive force cases, "[t]he second prong of the [qualified immunity] analysis 'is better understood as [encompassing] two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the

incident; and, if so, whether the conduct of the defendants was objectively unreasonable in light of that then clearly established law." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (quoting *Felton v. Polles*, 315 F.3d 470, 477 (5th Cir. 2002)). "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Id.* at 750.

"When evaluating a qualified immunity defense, courts "consider[] only the facts that were knowable to the defendants officers." *Tucker*, 998 F.3d at 173 (quoting *White v. Pauly*, 580 U.S. 73, 76, 137 S. Ct. 548, 196 L. Ed. 2d 463 (2017) (per curiam)). "Consequently, qualified immunity is justified unless *no* reasonable officer could have acted as the defendant officers did here, or *every* reasonable officer faced with the same facts would *not* have acted as the defendants officers did." *Id.* at 174 (quoting *Mason v. Faul*, 929 F.3d 762, 764 (5th Cir. 2019), *cert. denied*, ___U.S.___, 141 S. Ct. 116, 207 L. Ed. 2d 1054 (2020)) (internal brackets and quotation marks omitted) (emphasis in original).

In the present case, the only evidence in the record shows that not all reasonable jailers in Mr. Perry's position would have believed that using a minimal amount of force to subdue Appellee's violent outburst would violate his constitutional rights. The record shows that Appellee – who was being held on murder charges of which he was later convicted – behaved in a way that placed the

safety and security of everyone at the Jail at risk. (ROA.354.) He yelled and cursed at his grandparents. (ROA.350-352, 354.) He slammed the telephone against a metal plate in the wall and punched a metal door and a concrete wall. (ROA.351, 354.) Appellee's violent outburst could be heard by inmates and staff in distant parts of the jail and by staff outside of the jail. (ROA.350, 354.)

Although Mr. Perry first attempted to subdue Appellee by ordering him back to his cell, Appellee refused to comply. (ROA.352.) Instead, he cursed Mr. Perry, charged him, and continuously attempted to physical attack him throughout their interaction. (ROA.350-352, 354.) With the assistance of another officer, Mr. Perry then subdued Appellee. (ROA.350-352, 354.)

Confronted with these circumstances, not all reasonable officers in Mr. Perry's position would have believed that using the amount of force described in the record would have violated Appellee's constitutional rights. In light of Appellee's charges, his refusal to obey orders, and the fact that he repeatedly attempted to fight Mr. Perry, a reasonable officer in Mr. Perry's position would have believed that the force used against Appellee was justified. *See*, *e.g.*, *Tucker*, 998 F.3d at 171-72 (". . . [E]valuating the reasonableness of an officer's use of force requires consideration of how a reasonable officer would have perceived those facts."). Therefore, it was not clearly established that the use of force violated Appellee's constitutional rights.

In reviewing this use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" it is clear that the district court erred in denying Mr. Perry's motion for summary judgment on the issue of qualified immunity. *Graham*, 490 U.S. at 396, 109 S. Ct. 1985. Considering the split-second judgments Mr. Perry was forced to make in circumstances that were rapidly evolving, not all reasonable law enforcement officers in Mr. Perry's position would have believed that the force was unconstitutional. It cannot be said that it is "beyond debate" that Mr. Perry's actions violated Appellee's clearly-established rights. *See*, *e.g.*, *Morrow*, 917 F.3d at 874.

This is especially apparent considering the fact that this Court and many others have held that jailers may use force in a good-faith effort to maintain or restore discipline. *Salcido*, 2018 WL 4690276, at *30; *Grayson*, 195 F.3d at 696-97; *Gonzalez*, 2020 WL 4811005, at *3; *Minix*, 2007 WL 1217883, at *24; *Rios*, 2005 WL 1026192, at *7; *Kingsley*, 576 U.S. at 397, 399, 135 S. Ct. 2466; *Bell*, 441 U.S. at 540, 99 S. Ct. 1861. Considering the wealth of caselaw showing that Mr. Perry's use of force to restore order in the Jail was not unreasonable, there is not sufficient authority which would put a reasonable official "on notice that his conduct is definitively unlawful." *Melton v. Phillips*, 875 F.3d 256, 265 (5th Cir. 2017) (en banc) (quoting *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015)).

Simply put, Appellee has failed to carry his burden of showing that Mr. Perry is not entitled to qualified immunity. Therefore, Mr. Perry respectfully requests that the Court reverse the district court's order.

## CONCLUSION

Despite the magistrate and district judges' conscientious efforts, they erred in denying Mr. Perry's motion for summary judgment on the issue of qualified immunity. Appellee wholly failed to carry his burden of showing that Mr. Perry is not entitled to the defense of qualified immunity.

The uncontroverted evidence in the record shows that Mr. Perry did not violate Appellee's right to be free from unreasonable force. Even if he did, however, the uncontested evidence in the record shows that not all reasonable officers in Mr. Perry's position would have believed that the force used against Appellee would have violated his constitutional rights in light of the circumstances. Therefore, Mr. Perry is entitled to qualified immunity from this suit.

WHEREFORE, PREMISES CONSIDERED, Mr. Perry respectfully requests that the Court reverse the judgment of the district court and remand the matter to the district court so that it may enter judgment in his favor, and for any and all other relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

s/David Ryan Herring Iglesias
**David Iglesias**
Lead Counsel
State Bar No. 24051733
david@iglesiaslawfirm.com

**James A. Evans III**
State Bar No. 24053191
jim@iglesiaslawfirm.com

**IGLESIAS LAW FIRM, PLLC**
605 Chase Drive, Suite 8
Tyler, Texas 75701
Telephone: (903) 944-7185
Facsimile: (903) 630-5338

**COUNSEL FOR APPELLANT**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served to Appellee in the above entitled and numbered cause on February 22, 2023, in the following manner:

  X   Via CMRRR: 9414 8361 0426 2477 1860 34

Mr. Blaze Hicks, #02380289
TDCJ – Ferguson Unit
12120 Savage Drive
Midway, Texas 75852

s/David Ryan Herring Iglesias
David Iglesias

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to 5TH CIR. R. 32.2 and .3, the undersigned certifies this brief complies with the type-volume limitations of FED. R. APP. P. 32(a)(7).

1.    EXCLUSIVE OF THE EXEMPTED PORTIONS IN 5TH CIR. R. 32.2, THE BRIEF CONTAINS:

A.      6,899 words.

2.    THE BRIEF HAS BEEN PREPARED

A.      In proportionally spaced typeface using:

Microsoft Word in Times New Roman 14 point font.

3.    THE      UNDERSIGNED      UNDERSTANDS      A      MATERIAL MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN FED. R. APP. P. 32(a)(7), MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

s/David Ryan Herring Iglesias
David Iglesias