NO. 22-40755

# In the United States Court of Appeals
# For the Fifth Circuit

BLAZE HICKS,
PLAINTIFF - APPELLEE

v.

KERRY PERRY, JAILOR,
DEFENDANT - APPELLANT

## RECORD EXCERPTS OF APPELLANT
## KERRY PERRY

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION
CIVIL ACTION NO. 9:19-CV-212
THAD HEARTFIELD[1], JUDGE PRESIDING

DAVID IGLESIAS
IGLESIAS LAW FIRM, PLLC
605 CHASE DRIVE, SUITE 8
TYLER, TEXAS 75701
TELEPHONE: 903.944.7185
FACSIMILE: 903.630.5338

ATTORNEY FOR APPELLANT
KERRY PERRY

---

[1] Judge Heartfield died after entering the order which is the subject of this appeal. This case was reassigned to United States District Judge Marcia A. Crone on January 13, 2023.

# TABLE OF CONTENTS:

**MANDATORY CONTENTS:**

Docket Sheet (ROA.1-11)...........................................................................1

Notice of Appeal (ROA.479-480).............................................................2

Report and Recommendation (ROA.393-397) ........................................3

Order (ROA.431-432)................................................................................4

Report and Recommendation (ROA.444-452) ........................................5

Order (ROA.474-475)................................................................................6

Order (ROA.481) .......................................................................................7

Certificate of Service ................................................................................8

**OPTIONAL CONTENTS:**

Statement of Brian Seales (ROA.350) .......................................................9

Statement of Byron Stowe (ROA.351) ....................................................10

Statement of Kerri Perry (ROA.352) .......................................................11

Affidavit of Donald Calhoon (ROA.354-355)..........................................12

Affidavit of Bryan Weatherford (ROA.271-272) ...................................13

TAB 1

ADMCLS,APPEAL,CASREF,PROSE,SA7

Jump to Docket Table

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Lufkin)
## CIVIL DOCKET FOR CASE #: 9:19-cv-00212-TH-CLS

Hicks v. Seales et al
Assigned to: District Judge Thad Heartfield
Referred to: Magistrate Judge Christine L. Stetson
 Case in other court:  USCA 5th Circuit Court of Appeals, 22-40755
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 11/07/2019
Date Terminated: 11/21/2022
Jury Demand: Defendant
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Blaze Hicks**                    represented by     **Blaze Hicks**
02380289
STILES UNIT
3060 FM 3514
Beaumont, TX 77705
PRO SE

V.

**Defendant**

**Bryan Seales**                    represented by     **David R. Herring Iglesias**
*Investigator*                                         Iglesias Law Firm, PLLC
*TERMINATED: 11/09/2022*                               605 Chase Drive, Suite 8
Tyler, TX 75701
903-944-7185
Email: david@iglesiaslawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Evans , III**
Iglesias Law Firm, PLLC
605 Chase Drive, Suite 8
Tyler, TX 75701
903-944-7185
Fax: 903-630-5338
Email: jim@iglesiaslawfirm.com
*ATTORNEY TO BE NOTICED*

**Stephanie Glass Ernst**
Iglesias Law Firm, PLLC
605 Chase Drive, Suite 8
Tyler, TX 75701
903-944-7185
Fax: 903-630-5338
Email: stephanie@iglesiaslawfirm.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Greaff**
*Jail Administrator*
*TERMINATED: 11/08/2021*

**Defendant**

**Bryan Weatherford**
*Sheriff*
*TERMINATED: 11/08/2021*

**Defendant**

**Kerry Perry**                    represented by    **David R. Herring Iglesias**
*Jailor*                                              (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **James Arthur Evans , III**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Stephanie Glass Ernst**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Donald Calhoun**                represented by    **David R. Herring Iglesias**
*Deputy Sheriff*                                     (See above for address)
*TERMINATED: 11/09/2022*                             *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **James Arthur Evans , III**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Stephanie Glass Ernst**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/07/2019 | 1 (p.12) | COMPLAINT against All Defendants, filed by Blaze Hicks. (Attachments: # 1 (p.12) Envelope)(bjc, ) (Entered: 11/07/2019) |
| 11/07/2019 | | CASE REFERRED to Magistrate Judge Zack Hawthorn. (bjc, ) (Entered: 11/07/2019) |
| 11/08/2019 | 2 (p.20) | MEMORANDUM OPINION and ORDER transferring this civil rights action to the Lufkin Division of the United States District Court for the Eastern District of TX. Signed by Magistrate Judge Zack Hawthorn on 11/8/2019. (bjc, ) (Entered: |

| | | |
|---|---|---|
| | | 11/12/2019) |
| 11/12/2019 | | Case transferred in from Beaumont Division on 11/12/2019. Case Number 1:19-cv-572. (ljw, ) (Entered: 11/12/2019) |
| 11/12/2019 | | CASE REFERRED to Magistrate Judge Keith F. Giblin. (ljw, ) (Entered: 11/12/2019) |
| 11/25/2019 | 3 (p.22) | Request for status of case by Blaze Hicks. (mailed docket sheet on 11/25/19) (ljw, ) (Entered: 11/25/2019) |
| 12/04/2019 | 4 (p.24) | MOTION for Information by Blaze Hicks. (ljw, ) (Entered: 12/05/2019) |
| 12/09/2019 | 5 (p.26) | MOTION for Bond Reduction by Blaze Hicks. (ljw, ) (Entered: 12/09/2019) |
| 12/16/2019 | 6 (p.29) | Notice to the court by Blaze Hicks. (bjc, ) (Entered: 12/17/2019) |
| 01/13/2020 | 7 (p.31) | NOTICE of Change of Address and Request for docket sheet by Blaze Hicks from: Tyler County Jail 702 Magnolia Street Woodville TX 75979 to: Polk County Jail 1733 N Washington Livingston TX 77351. (bjc, ) (mailed docket sheet 1/14/2020) (Entered: 01/14/2020) |
| 02/10/2020 | 8 (p.33) | PRELIMINARY FILED FEE ORDER that Plaintiff shall, within twenty (20) days from the date set forth below, pay the $400 filing fee or submit a motion for leave to proceed in forma pauperis including a statement certified by an authorized prison official showing the average balance in and deposits into plaintiffs inmate trust account for the preceding six months. Signed by Magistrate Judge Keith F. Giblin on 2/10/2020. (bjc, ) (Entered: 02/10/2020) |
| 02/25/2020 | 9 (p.35) | MOTION for Bond Reduction by Blaze Hicks. (ljw, ) (Entered: 02/25/2020) |
| 03/02/2020 | 10 (p.37) | NOTICE to the Court re Filing of New Case by Blaze Hicks (ljw, ) (Entered: 03/03/2020) |
| 03/10/2020 | 11 (p.40) | MOTION to Amend to Add Defendants by Blaze Hicks. (ljw, ) (Entered: 03/10/2020) |
| 03/10/2020 | 12 (p.42) | MOTION to Change Venue by Blaze Hicks. (ljw, ) (Entered: 03/10/2020) |
| 03/11/2020 | 13 (p.44) | REPORT AND RECOMMENDATIONS re 1 (p.12) Complaint filed by Blaze Hicks. This case should be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Signed by Magistrate Judge Keith F. Giblin on 3/11/20. (ljw, ) (Entered: 03/12/2020) |
| 03/20/2020 | 14 (p.46) | ***TWO PART DOC. SEE ALSO DOC# 15.*** ACKNOWLEDGMENT OF RECEIPT by Blaze Hicks on 3/5/2020 re 8 (p.33) Order. (bjc, ) Modified on 3/20/2020 (bjc, ). (Entered: 03/20/2020) |
| 03/20/2020 | 15 | ***TWO PART DOC. SEE ALSO DOC# 14.*** NOTICE of Change of Address by Blaze Hicks from: Poly County Jail 1733 N. Washington Livingston TX 77351 to: 702 N Magnolia Woodville TX 75979. (bjc, ) (Entered: 03/20/2020) |
| 04/07/2020 | 16 (p.50) | MOTION for Leave to Proceed in forma pauperis by Blaze Hicks. (ljw, ) (Entered: 04/07/2020) |
| 04/07/2020 | 17 (p.59) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 04/07/2020) |

| 04/07/2020 | 18 (p.61) | MOTION for Bond Reduction, MOTION to Change Venue & MOTION for Hearing by Blaze Hicks. (ljw, ) (Entered: 04/07/2020) |
|---|---|---|
| 04/09/2020 | 19 (p.62) | NOTICE to the Court re not receiving any documents from the Court by Blaze Hicks. (ljw, ) (Entered: 04/09/2020) |
| 04/27/2020 | 20 (p.68) | ORDER for Initial Partial Filing Fee of $16.00 within 30 days for Blaze Hicks. Signed by Magistrate Judge Keith F. Giblin on 4/27/20. (ljw, ) CMRR# 7017 1450 0001 5136 3273 (Entered: 04/28/2020) |
| 05/07/2020 | 21 (p.71) | MOTION to Amend 1 (p.12) Complaint by Blaze Hicks. (ljw, ) (Entered: 05/08/2020) |
| 05/07/2020 | 22 (p.77) | RESPONSE to the Court re 20 (p.68) Order for Initial Partial Filing Fee by Blaze Hicks. (ljw, ) (Entered: 05/08/2020) |
| 05/12/2020 | 23 (p.79) | CERTIFIED Mail green card showing receipt of 20 (p.68) order by Blaze Hickson 5/2/2020.(bjc, ) (Entered: 05/12/2020) |
| 05/14/2020 | | Partial Filing fee paid per court order: $ 16.00, receipt number TXE600052557. (ksd ) (Entered: 05/27/2020) |
| 05/18/2020 | 24 (p.80) | MOTION to Amend 1 (p.12) Complaint by Blaze Hicks. (ljw, ) (Entered: 05/18/2020) |
| 05/28/2020 | 25 | ***STRICKEN PER ORDER OF KFG ON 7/7/2020.*** MOTION to Amend 1 (p.12) Complaint by Blaze Hicks. (ljw, ) Modified on 7/8/2020 (bjc, ). (Entered: 05/28/2020) |
| 05/28/2020 | 26 (p.83) | Correspondence to the Court by Blaze Hicks (ljw, ) (Entered: 05/28/2020) |
| 06/12/2020 | 27 (p.87) | MOTION to Appoint Counsel by Blaze Hicks. (ljw, ) (Entered: 06/12/2020) |
| 07/07/2020 | 28 (p.91) | ORDERED that plaintiff's 4 (p.24) Motion for information is granted to the extent that the Clerk of court is directed to send plaintiff a copy of the docket sheet. Signed by Magistrate Judge Keith F. Giblin on 7/7/2020. (bjc, ) (Entered: 07/08/2020) |
| 07/07/2020 | 29 (p.92) | ORDERED that plaintiff's motions for a bond reduction, a hearing, and a change of venue (doc nos 5,9,12 and 18) are denied. Signed by Magistrate Judge Keith F. Giblin on 7/7/2020. (bjc, ) (Entered: 07/08/2020) |
| 07/07/2020 | 30 (p.93) | ORDERED that plaintiff's motion for leave to amend the complaint (doc no 25) is denied. The motion for leave to amend, which is construed as the proposed amended complaint, is stricken from this action, and will proceed as a separate civil action. Signed by Magistrate Judge Keith F. Giblin on 7/7/2020. (bjc, ) (Entered: 07/08/2020) |
| 07/07/2020 | 31 (p.95) | ORDERED that plaintiff's motions for leave to amend the complaint (doc nos 11,21 and 24) are denied. Signed by Magistrate Judge Keith F. Giblin on 7/7/2020. (bjc, ) (Entered: 07/08/2020) |
| 07/10/2020 | 32 | MOTION to Amend to Add New Defendants by Blaze Hicks. (ljw, ) ***STRICKEN PER ORDER OF KFG ON 11/2/2020.*** (Entered: 07/13/2020) |
| 08/19/2020 | | NOTICE of Change of Address by Blaze Hicks (ljw, ) (Entered: 08/20/2020) |

| | 33 (p.96) | |
|---|---|---|
| 10/15/2020 | 34 (p.98) | Request for status of case by Blaze Hicks. (mailed docket sheet on 10/16/20) (ljw, ) (Entered: 10/16/2020) |
| 11/02/2020 | 35 (p.100) | ORDER denying 27 (p.87) Motion to Appoint Counsel. Signed by Magistrate Judge Keith F. Giblin on 11/2/2020. (bjc, ) (Entered: 11/02/2020) |
| 11/02/2020 | 36 (p.102) | ORDER denying 32 Motion to Amend/Correct. The motion for leave to amend, which is construed as the proposed amended complaint, is stricken from this action, and will proceed as a separate civil action. Signed by Magistrate Judge Keith F. Giblin on 11/2/2020. (bjc, ) (Entered: 11/02/2020) |
| 11/02/2020 | 37 (p.104) | ORDERED that plaintiff shall within 20 days, either submit a current application to proceed in forma pauperis or pay $384.00, the remainder of the filing fee. Signed by Magistrate Judge Keith F. Giblin on 11/2/2020. (bjc, ) CMRR# 7017 1450 0001 5136 3167 (Entered: 11/02/2020) |
| 11/09/2020 | 38 (p.105) | ACKNOWLEDGMENT OF RECEIPT on 11/5/20 as to 37 (p.104) Order. (Signed for by C. Clark) (ljw, ) (Entered: 11/09/2020) |
| 11/12/2020 | 39 (p.106) | Letter from Blaze Hicks (bjc, ) (Entered: 11/13/2020) |
| 01/08/2021 | 40 (p.109) | NOTICE of Change of Address by Blaze Hicks (ljw, ) (Entered: 01/08/2021) |
| 02/08/2021 | 41 (p.111) | Request for docket sheet by Blaze Hicks. (mailed on 2/9/21) (ljw, ) (Entered: 02/09/2021) |
| 03/11/2021 | 42 (p.113) | RESPONSE to 20 (p.68) Order for Initial Partial Filing Fee by Blaze Hicks. (bjc, ) (Entered: 03/11/2021) |
| 03/11/2021 | 43 (p.116) | MOTION to Amend/Correct 1 (p.12) Complaint by Blaze Hicks. (bjc, ) (Entered: 03/11/2021) |
| 03/15/2021 | 44 (p.117) | NOTICE to the court regarding defendant Brian Seales by Blaze Hicks (bjc, ) (Entered: 03/15/2021) |
| 05/19/2021 | 45 (p.119) | REPORT AND RECOMMENDATION recommending the claims against Seales, Greaff, and Weatherford should be dismissed with prejudice pursuant to 28 USC 1915(e) as frivolous and for failure to state a claim upon which relief may be granted. Signed by Magistrate Judge Keith F. Giblin on 5/19/2021. (bjc, ) (Entered: 05/19/2021) |
| 05/24/2021 | 46 (p.123) | ACKNOWLEDGMENT OF RECEIPT by Blaze Hicks on 5/21/2021 re 45 (p.119) Report and Recommendation. (bjc, ) (Entered: 05/24/2021) |
| 06/01/2021 | 47 (p.124) | OBJECTION to 45 (p.119) Report and Recommendations by Blaze Hicks. (ljw, ) (Entered: 06/01/2021) |
| 06/11/2021 | 48 (p.126) | OBJECTION to 45 (p.119) Report and Recommendations by Blaze Hicks. (ljw, ) (Entered: 06/11/2021) |
| 06/23/2021 | 49 (p.128) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 06/23/2021) |

| 06/25/2021 | 50 (p.130) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 06/25/2021) |
|---|---|---|
| 06/25/2021 | 51 (p.132) | RESPONSE to 37 (p.104) Order Regarding IFP Form or Payment of Filing Fee *filed by Blaze Hicks*. (ljw, ) (Entered: 06/25/2021) |
| 06/28/2021 | 52 (p.137) | MOTION for Leave to Proceed in forma pauperis by Blaze Hicks. (bjc, ) (Entered: 06/28/2021) |
| 09/15/2021 | 53 (p.147) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 09/15/2021) |
| 09/15/2021 | 54 (p.151) | NOTICE re Application to Proceed IFP by Blaze Hicks (ljw, ) (Entered: 09/15/2021) |
| 09/17/2021 | 55 (p.152) | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Christine L. Stetson for all further proceedings. Magistrate Judge Keith F. Giblin no longer assigned to case. Signed by District Judge Ron Clark on 9/17/2021. (bjc, ) (Entered: 09/17/2021) |
| 10/18/2021 | 56 (p.156) | NOTICE to the Court re Application to Proceed IFP by Blaze Hicks (ljw, ) (Entered: 10/19/2021) |
| 10/18/2021 | 57 (p.158) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 10/19/2021) |
| 10/27/2021 | 58 (p.159) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 10/27/2021) |
| 10/28/2021 | 59 (p.162) | ORDER Re Collection and Payment of Full Filing Fee: pla to pay remaining balance of initial partial filing fee. The agency having custody of the Plaintiff shall deduct 20% of each deposit made to the Plaintiff's inmate trust account and forward payments to the Court on a regular basis. Signed by Magistrate Judge Christine L. Stetson on 10/28/21. (ljw, ) (Entered: 10/28/2021) |
| 10/29/2021 | 60 (p.163) | ORDERED the Clerk of court shall issue summonses, and the United States Marshal shall serve process upon Bryan Seales, Kerry Perry, and Donald Calhoun at the address provided in the original complaint. Signed by Magistrate Judge Christine L. Stetson on 10/29/2021. (bjc, ) (Entered: 10/29/2021) |
| 11/01/2021 | 61 (p.164) | SUMMONS issued as to Donald Calhoun, Kerry Perry, Bryan Seales and mailed to USM for service. (bjc, ) (Entered: 11/01/2021) |
| 11/04/2021 | 62 (p.170) | ACKNOWLEDGMENT OF RECEIPT by Blaze Hicks on 11/1/2021 re 59 (p.162) Order Re Collection and Payment of Full Filing Fee. (bjc, ) (Entered: 11/04/2021) |
| 11/08/2021 | 63 (p.171) | ORDER PARTIALLY ADOPTING 45 (p.119) REPORT AND RECOMMENDATIONS. Defendants Michael Greaff and Bryan Weatherford are DISMISSED from this action. The Plaintiff's objections are SUSTAINED as to the claim of false imprisonment against Bryan Seales, and that claim remains pending before the court. Signed by District Judge Ron Clark on 11/8/21. (ljw, ) (Entered: 11/09/2021) |
| 11/10/2021 | 64 (p.174) | NOTICE to the court regarding Bryan Seales address by Blaze Hicks (bjc, ) (Entered: 11/10/2021) |
| 11/10/2021 | 65 | NOTICE to the court regarding filing fee by Blaze Hicks (bjc, ) (Entered: |

| | | |
|---|---|---|
| | (p.177) | 11/10/2021) |
| 11/17/2021 | 66 (p.178) | SUMMONS Returned Executed by USM. Kerry Perry served on 11/16/2021, answer due 12/7/2021. (ljw, ) (Entered: 11/17/2021) |
| 11/17/2021 | 67 (p.182) | SUMMONS Returned Executed by USM. Bryan Seales served on 11/16/2021, answer due 12/7/2021. (ljw, ) (Entered: 11/17/2021) |
| 11/29/2021 | 68 (p.186) | ORDER denying 43 (p.116) Plaintiff's Motion to Supplement the Complaint. Signed by Magistrate Judge Christine L. Stetson on 11/29/21. (ljw, ) (Entered: 11/29/2021) |
| 11/29/2021 | 69 (p.188) | SUMMONS Returned Executed by US Marshal Service. Donald Calhoun served on 11/15/2021, answer due 12/6/2021. (ljw, ) (Entered: 11/29/2021) |
| 12/06/2021 | 70 | **PLEASE IGNORE, WRONG DOCUMENT IS ATTACHED** DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ORIGINAL COMPLAINT ANSWER to 1 (p.12) Complaint by Donald Calhoun, Kerry Perry, Bryan Seales.(Iglesias, David) Modified on 12/6/2021 (ljw, ). (Entered: 12/06/2021) |
| 12/06/2021 | 71 (p.192) | *DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ORIGINAL COMPLAINT* ANSWER to 1 (p.12) Complaint by Donald Calhoun, Kerry Perry, Bryan Seales.(Iglesias, David) (Entered: 12/06/2021) |
| 12/06/2021 | | **\*\*\*FILED IN ERROR. Document # 70, Answer. PLEASE IGNORE. See document 71 (p.192) for correct filing\*\*\*** <br><br> (ljw, ) (Entered: 12/06/2021) |
| 12/13/2021 | 72 (p.197) | NOTICE to the court by Blaze Hicks (bjc, ) (Entered: 12/13/2021) |
| 12/14/2021 | 73 (p.199) | EVIDENCE by Blaze Hicks (bjc, ) (Entered: 12/15/2021) |
| 12/15/2021 | 74 (p.212) | NOTICE of Discovery by Blaze Hicks (ljw, ) (Entered: 12/15/2021) |
| 12/31/2021 | 75 (p.219) | ORDER TRANSFERRING CASE. Case reassigned to District Judge Thad Heartfield for all further proceedings. District Judge Ron Clark no longer assigned to case. Signed by District Judge Ron Clark on 12/31/21. (ljw, ) (Entered: 01/03/2022) |
| 01/04/2022 | 76 (p.225) | ORDER for the Parties to Comply with Deadlines. Signed by Magistrate Judge Christine L. Stetson on 1/4/22. (ljw, ) (Entered: 01/04/2022) |
| 01/12/2022 | 77 (p.227) | ACKNOWLEDGMENT OF RECEIPT by Blaze Hicks on 1/7/22 as to 76 (p.225) Order to comply with deadlines. (ljw, ) (Entered: 01/12/2022) |
| 01/13/2022 | 78 (p.228) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 01/13/2022) |
| 01/13/2022 | 79 (p.230) | NOTICE to the Court re Witnesses by Blaze Hicks (ljw, ) (Entered: 01/13/2022) |
| 01/14/2022 | 80 (p.233) | NOTICE of Attorney Appearance by James Arthur Evans, III on behalf of Donald Calhoun, Kerry Perry, Bryan Seales (Evans, James) (Entered: 01/14/2022) |
| 01/14/2022 | 81 (p.235) | NOTICE of Attorney Appearance by Stephanie Glass Ernst on behalf of Donald Calhoun, Kerry Perry, Bryan Seales (Ernst, Stephanie) (Entered: 01/14/2022) |

| 02/03/2022 | 82 (p.237) | NOTICE of Initial Disclosure by Donald Calhoun, Kerry Perry, Bryan Seales (Iglesias, David) Modified on 2/8/2022 (ljw, ). (Entered: 02/03/2022) |
|---|---|---|
| 02/07/2022 | 83 (p.239) | NOTICE of First Supplemental Disclosure by Donald Calhoun, Kerry Perry, Bryan Seales (Iglesias, David) Modified on 2/8/2022 (ljw, ). (Entered: 02/07/2022) |
| 02/07/2022 | 84 (p.241) | MOTION for Summary Judgment For Failure to Exhaust Administrative Remedies by Donald Calhoun, Kerry Perry, Bryan Seales. (Attachments: # 1 (p.12) Exhibit Ex. A, # 2 (p.20) Exhibit Ex. B, # 3 (p.22) Text of Proposed Order Proposed Order)(Iglesias, David) Modified on 2/8/2022 (ljw, ). (Entered: 02/07/2022) |
| 02/16/2022 | 85 (p.274) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 02/16/2022) |
| 03/01/2022 | 86 (p.277) | NOTICE of Discovery Disclosure by Donald Calhoun, Kerry Perry, Bryan Seales *DEFENDANTS NOTICE OF SECOND SUPPLEMENTAL DISCLOSURES* (Iglesias, David) (Entered: 03/01/2022) |
| 03/01/2022 | 87 (p.279) | RESPONSE to 85 (p.274) Notice (Other) *DEFENDANTS RESPONSE TO PLAINTIFFS MOTION [#85] filed by Donald Calhoun, Kerry Perry, Bryan Seales*. (Attachments: # 1 (p.12) Text of Proposed Order Proposed Order)(Iglesias, David) (Entered: 03/01/2022) |
| 03/08/2022 | 88 | **STRICKEN PER ORDER 89 (p.284)** *DEFENDANTS' FIRST AMENDED ANSWER* to 1 (p.12) Complaint *AND AFFIRMATIVE DEFENSES* by Donald Calhoun, Kerry Perry, Bryan Seales.(Iglesias, David) Modified on 3/9/2022 (ljw, ). (Entered: 03/08/2022) |
| 03/09/2022 | 89 (p.284) | ORDER that the 88 Defendants' First Amended Answer is stricken. Signed by Magistrate Judge Christine L. Stetson on 3/9/22. (ljw, ) (Entered: 03/09/2022) |
| 03/10/2022 | 90 (p.285) | MOTION for Leave to File *Amended Answer* by Donald Calhoun, Kerry Perry, Bryan Seales. (Attachments: # 1 (p.12) Exhibit Judgment of Conviction, # 2 (p.20) Exhibit 1st Am Answer & Aff Defenses, # 3 (p.22) Text of Proposed Order Proposed Order)(Iglesias, David) (Entered: 03/10/2022) |
| 03/10/2022 | 91 (p.301) | *DEFENDANTS' FIRST AMENDED* ANSWER to 1 (p.12) Complaint *Affirmative Defenses, and Jury Demand* by Donald Calhoun, Kerry Perry, Bryan Seales.(Iglesias, David) (Entered: 03/10/2022) |
| 03/14/2022 | 92 (p.306) | NOTICE of Change of Address by Blaze Hicks from: Tyler County Jail to: Byrd Unit (bjc, ) (Entered: 03/14/2022) |
| 04/01/2022 | 93 (p.308) | MOTION to Seal *DEFENDANTS' MOTION FOR SUMMARY JUDGMENT* by Donald Calhoun, Kerry Perry, Bryan Seales. (Attachments: # 1 (p.12) Text of Proposed Order Proposed Order)(Iglesias, David) (Entered: 04/01/2022) |
| 04/01/2022 | 94 (p.312) | MOTION FOR SUMMARY JUDGMENT by Donald Calhoun, Kerry Perry, Bryan Seales. (Attachments: # 1 (p.12) Exhibit A, # 2 (p.20) Exhibit B, # 3 (p.22) Exhibit C, # 4 (p.24) Exhibit D, # 5 (p.26) SEALED Exhibit E, # 6 (p.29) Text of Proposed Order F)(Iglesias, David) Modified on 8/30/2022 (ljw, ). (Entered: 04/01/2022) |
| 04/05/2022 | 95 (p.490) | REDACTION to 94 (p.312) MOTION FOR SUMMARY JUDGMENT by Donald Calhoun, Kerry Perry, Bryan Seales. (Attachments: # 1 (p.12) Exhibit A, # 2 (p.20) Exhibit B, # 3 (p.22) Exhibit C, # 4 (p.24) Exhibit D, # 5 (p.26) SEALED Exhibit E, # 6 (p.29) Text of Proposed Order)(Iglesias, David) (Entered: 04/05/2022) |

| 04/13/2022 | 96 (p.357) | NOTICE of Change of Address by Blaze Hicks to 1697 FM 980, Huntsville, Texas. (ljw, ) (Entered: 04/13/2022) |
|---|---|---|
| 04/13/2022 | 97 (p.359) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 04/13/2022) |
| 04/27/2022 | 98 (p.360) | RESPONSE to 94 (p.312) MOTION FOR SUMMARY JUDGMENT filed by Blaze Hicks. (bjc, ) (Entered: 04/27/2022) |
| 05/04/2022 | 99 (p.365) | REPLY to Response to 94 (p.312) MOTION FOR SUMMARY JUDGMENT filed by Donald Calhoun, Kerry Perry, Bryan Seales. (Iglesias, David) (Entered: 05/04/2022) |
| 05/04/2022 | 100 (p.369) | Exhibit List by Donald Calhoun, Kerry Perry, Bryan Seales.. (Iglesias, David) (Entered: 05/04/2022) |
| 05/04/2022 | 101 (p.371) | Witness List by Donald Calhoun, Kerry Perry, Bryan Seales. (Iglesias, David) (Entered: 05/04/2022) |
| 08/29/2022 | 102 (p.389) | ORDER granting 90 (p.285) Motion for Leave to Amend. Signed by Magistrate Judge Christine L. Stetson on 8/29/22. (ljw, ) (Entered: 08/29/2022) |
| 08/29/2022 | 103 (p.391) | ORDER that Defendants' 93 (p.308) Motion to Seal Motion for Summary Judgment is GRANTED to the extent that the Exhibit E to the Motion for Summary Judgment will be filed under seal. The Motion to Seal is DENIED with respect to Defendants' Motion for Summary Judgment and the remaining Exhibits. Signed by Magistrate Judge Christine L. Stetson on 8/29/22. (ljw, ) (Entered: 08/30/2022) |
| 08/31/2022 | 104 (p.393) | REPORT AND RECOMMENDATIONS re 84 (p.241) MOTION for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Donald Calhoun, Kerry Perry, Bryan Seales. Signed by Magistrate Judge Christine L. Stetson on 8/31/22. (ljw, ) (Entered: 09/01/2022) |
| 09/09/2022 | 105 (p.398) | MOTION to Appoint Counsel by Blaze Hicks. (ljw, ) (Entered: 09/09/2022) |
| 09/09/2022 | 106 (p.399) | RESPONSE to 90 (p.285) MOTION for Leave to File *Amended Answer filed by Blaze Hicks*. (ljw, ) (Entered: 09/09/2022) |
| 09/09/2022 | 107 (p.400) | RESPONSE to 90 (p.285) MOTION for Leave to File *Amended Answer filed by Blaze Hicks*. (ljw, ) (Entered: 09/09/2022) |
| 09/09/2022 | 108 (p.401) | AMENDED COMPLAINT against Donald Calhoun, Kerry Perry, Bryan Seales, filed by Blaze Hicks.(ljw, ) (Entered: 09/09/2022) |
| 09/09/2022 | 109 (p.403) | OBJECTION to 104 (p.393) Report and Recommendations by Donald Calhoun, Kerry Perry, Bryan Seales. (Iglesias, David) (Entered: 09/09/2022) |
| 09/15/2022 | 110 (p.412) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 09/16/2022) |
| 09/15/2022 | 111 (p.415) | NOTICE to the Court by Blaze Hicks. (ljw, ) Modified on 9/22/2022 (ljw, ). (Entered: 09/16/2022) |
| 09/16/2022 | 112 (p.417) | ACKNOWLEDGMENT OF RECEIPT by Blaze Hicks on 9/12/22 as to 104 (p.393) Report and Recommendations. (ljw, ) (Entered: 09/16/2022) |
| 09/20/2022 |  |  |

| | | |
|---|---|---|
| | 113 (p.418) | OBJECTION to 108 (p.401) Amended Complaint *filed by Donald Calhoun, Kerry Perry, Bryan Seales.* (Evans, James) (Entered: 09/20/2022) |
| 09/20/2022 | 114 (p.422) | RESPONSE to Motion re 105 (p.398) MOTION to Appoint Counsel *filed by Donald Calhoun, Kerry Perry, Bryan Seales.* (Attachments: # 1 (p.12) Text of Proposed Order Proposed Order)(Evans, James) (Entered: 09/20/2022) |
| 09/22/2022 | 115 (p.427) | Response to Motion to Dismiss by Blaze Hicks (ljw, ) (Entered: 09/22/2022) |
| 09/22/2022 | 116 (p.428) | RESPONSE to 84 (p.241) MOTION for Summary Judgment *filed by Blaze Hicks.* (ljw, ) (Entered: 09/22/2022) |
| 09/23/2022 | 117 (p.431) | MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING 104 (p.393) REPORT AND RECOMMENDATIONS. Signed by District Judge Thad Heartfield on 9/23/22. (ljw, ) (Entered: 09/23/2022) |
| 09/28/2022 | 118 (p.433) | NOTICE by Donald Calhoun, Kerry Perry, Bryan Seales re 117 (p.431) Order Adopting Report and Recommendations *DEFENDANTS' NOTICE TO COURT REGARDING PLAINTIFF'S PLEADINGS* (Iglesias, David) (Entered: 09/28/2022) |
| 10/03/2022 | 119 (p.435) | NOTICE to the Court re Responses to all Legal Matters by Blaze Hicks (ljw, ) (Entered: 10/03/2022) |
| 10/06/2022 | 120 (p.439) | ORDER setting Status Conference for 11/14/2022 10:30 AM in Ctrm 4 (Beaumont) before Magistrate Judge Christine L. Stetson. Signed by Magistrate Judge Christine L. Stetson on 10/6/2022. (bjc, ) (Entered: 10/07/2022) |
| 10/07/2022 | 121 (p.440) | ORDER for writ of habeas corpus ad testificandum to produce the body of Blaze Hicks in federal court on November 14, 2022 at 10:30 a.m.. Signed by Magistrate Judge Christine L. Stetson on 10/7/2022. (bjc, ) cc: USM, Director of Classification, email to: courtorders (Entered: 10/07/2022) |
| 10/07/2022 | 122 (p.442) | Writ of Habeas Corpus ad Testificandum issued and emailed to USM for service. (bjc, ) (Entered: 10/07/2022) |
| 10/07/2022 | 123 (p.444) | REPORT AND RECOMMENDATION recommending the claims against Seale should be dismissed without prejudice to Plaintiff's ability to file a lawsuit if his conviction is overturned or declared invalid. Defendants' Motion for summary judgment should be granted with respect to the medical claims against Defendant Calhoun and denied with respect to the excessive force claims against Defendant Perry. Signed by Magistrate Judge Christine L. Stetson on 10/7/2022. (bjc, ) (Entered: 10/07/2022) |
| 10/20/2022 | 124 (p.453) | OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [#123] *filed by Kerry Perry.* (Attachments: # 1 (p.12) Text of Proposed Order Proposed)(Iglesias, David) (Entered: 10/20/2022) |
| 10/20/2022 | 125 (p.460) | MOTION *TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL* by Kerry Perry. (Attachments: # 1 (p.12) Text of Proposed Order Proposed Order)(Iglesias, David) (Entered: 10/20/2022) |
| 10/31/2022 | 126 (p.469) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 10/31/2022) |
| 10/31/2022 | 127 (p.472) | NOTICE to the Court by Blaze Hicks (ljw, ) (Entered: 10/31/2022) |

| 11/01/2022 | 128 (p.473) | ACKNOWLEDGMENT OF RECEIPT by Blaze Hicks on 10/25/22 as to 123 (p.444) Report and Recommendations. (ljw, ) (Entered: 11/01/2022) |
|---|---|---|
| 11/09/2022 | 129 (p.474) | MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING 123 (p.444) REPORT AND RECOMMENDATIONS. Defendants' Motion for Summary Judgment 94 (p.312) is GRANTED to the extent that the claims against Defendant Seales are DISMISSED without prejudice to Plaintiff's ability to pursue those claims if his conviction is overturned or declared invalid, and the claims against defendant Calhoon are DISMISSED. Defendants Seales and Calhoon are DISMISSED from this action. The Motion for Summary Judgment is DENIED with respect to the claims against Defendant Perry. Signed by District Judge Thad Heartfield on 11/9/22. (ljw, ) (Entered: 11/09/2022) |
| 11/14/2022 | 130 (p.476) | Minute Entry for proceedings held before Magistrate Judge Christine L. Stetson: Status Conference held on 11/14/2022. (Court Time: 10:26-10:37 am) (Courtroom Deputy/FTR OP: Sherre White.) (saw, ) (Entered: 11/14/2022) |
| 11/16/2022 | 131 (p.477) | ORDER denying 125 (p.460) Defendant's Motion to Certify Order for Interlocutory Appeal. Signed by District Judge Thad Heartfield on 11/16/22. (ljw, ) (Entered: 11/16/2022) |
| 11/17/2022 | 132 (p.479) | NOTICE OF APPEAL by Kerry Perry. Filing fee $ 505, receipt number ATXEDC-9231802. (Iglesias, David) (Entered: 11/17/2022) |
| 11/21/2022 | 133 (p.481) | ORDER that this action is STAYED and ADMINISTRATIVELY CLOSED pendingresolution of the appeal. Signed by Magistrate Judge Christine L. Stetson on 11/21/22. (ljw, ) (Entered: 11/21/2022) |
| 11/28/2022 | 134 (p.482) | MOTION for Leave to File Amended Complaint by Blaze Hicks. (ljw, ) (Entered: 11/28/2022) |
| 11/28/2022 | 135 (p.489) | NOTICE of Change of Address by Blaze Hicks from Ellis Unit to Stiles Unit. (ljw, ) (Entered: 11/29/2022) |
| 11/30/2022 | | NOTICE of Docketing Notice of Appeal from USCA re 132 (p.479) Notice of Appeal filed by Kerry Perry. USCA Case Number 22-40755 (ljw, ) (Entered: 11/30/2022) |
| 11/30/2022 | | NOTICE of certification of eROA to 5th Circuit Court of Appeals. (ljw, ) (Entered: 11/30/2022) |

TAB 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **BLAZE HICKS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 9:19-cv-212** |
| | § | |
| **KERRY PERRY,** | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## KERRY PERRY'S NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that Kerry Perry, Defendant in the above-referenced and -numbered cause, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the District Court's Memorandum Order Overruling Objections and Adopting the Magistrate Judge's Report and Recommendation [#129], signed and entered in this action on November 9, 2022, in which the Court denied Mr. Perry's Motion for Summary Judgment on the issue of qualified immunity. The Court's Order denying Mr. Perry's Motion for Summary Judgment on the issue of qualified immunity is immediately appealable to the United States Court of Appeals for the Fifth Circuit, and Mr. Perry hereby exercises his right to appeal.

Respectfully submitted,

**David Iglesias**
State Bar No. 24051733
david@iglesiaslawfirm.com
Lead Attorney

**James A. Evans III**
State Bar No. 24053191

jim@iglesiaslawfirm.com

**Stephanie Ernst**
State Bar No. 24057717
stephanie@iglesiaslawfirm.com

**IGLESIAS LAW FIRM, PLLC**
605 Chase Drive, Suite 8
Tyler, Texas 75701
Telephone: (903) 944-7185
Facsimile: (903) 630-5338

*Dallas Office:*
1412 Main Street, Suite 608
Dallas, Texas 75202

**COUNSEL FOR DEFENDANT KERRY PERRY**

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2022, a copy of the foregoing was served upon Plaintiff by certified U.S. mail, return receipt requested, at the following address:

> ***Via CMRRR: 9414 8368 9784 6036 2863 23***
> Mr. Blaze Hicks, #02380289
> TDCJ – Ellis Unit
> 1697 FM 980
> Huntsville, TX 77343

David Iglesias

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BLAZE HICKS | § | |
| VS. | § | CIVIL ACTION NO.   9:19-cv-212 |
| BRYAN SEALES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Blaze Hicks, a prisoner previously confined at the Tyler County Jail, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Brad Seales, Kerry Perry, and Donald Calhoun.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants filed a Motion for Summary Judgment.  (Doc. #84.)  Plaintiff has had an opportunity to file a response.  This Report and Recommendation considers the merits of the Motion.

Factual Background

On September 23, 2019, Plaintiff alleges he was arrested at the direction of Defendant Seales after he was accused of murder.  Plaintiff alleges he was arrested without a warrant or probable cause, and then unlawfully confined at the Tyler County Jail.

On October 27, 2019, while he was confined at the Tyler County Jail, Plaintiff alleges Defendant Perry grabbed him by the back of his shirt and neck, slammed him out of a chair, and then slammed his head against the wall following a visit with his grandparents.  Plaintiff alleges

Defendant Calhoun denied him medical treatment for a head injury he sustained during the use of force, and Plaintiff did not receive medical treatment until the next day.

## Defendants' Motion

Defendants assert that they are entitled to summary judgment with respect to the claims concerning a use of force and delayed medical treatment at the Tyler County Jail because Plaintiff did not exhaust available administrative remedies before he filed this action.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id.* at 532. Prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The primary purpose of a grievance is to alert prison officials to a problem so that it can be addressed, not to provide notice to a prison employee of a possible lawsuit. *Johnson*, 385 F.3d at 522. Thus, it is not necessary for a prisoner to identify future defendants by name in the grievance

3

in every circumstance. *Id*. at 517. Nor is it necessary for an inmate to allege a legal theory or every fact that would support a legal theory in his grievance. *Id*. at 517-18. "A grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id*. at 517.

The Tyler County prisoner handbook in effect on October 27, 2019, set forth the steps for filing a grievance concerning alleged violations of a prisoner's constitutional rights and other complaints. The handbook states that prisoners must send the Chief Jailer a written statement in a sealed grievance envelope with the time of the incident, the date, and the names of any witnesses. (Doc. #84-1 at 15.) Prisoners were advised that the grievance envelopes could be obtained from a jailer. The handbook states that prisoners would receive a response to the grievance within fifteen days. Prisoners who were dissatisfied with a grievance officer's findings could appeal in writing within three days of receiving the response. The Grievance Review Board would convene within fifteen days to review the appeal. The decision of the Grievance Review Board could be appealed to the Sheriff within three days, and the Sheriff's decision was final. (Doc. #84-1 at 15.)

Defendants submitted the affidavit of Bryan Weatherford, the Sheriff of Tyler County, Texas. (Doc. #84-2 at 2-3.) Sheriff Weatherford states that Plaintiff never appealed any issues to the Grievance Review Board or to the Sheriff while Plaintiff was confined at the Tyler County Jail, including the issues raised in this action. (Doc. #84-2 at 3.)

On the form he used to file this Complaint, Plaintiff checked the box indicating that he had exhausted administrative remedies with respect to the incidents that took place on October 27, 2019. The failure to exhaust is an affirmative defense, and Defendants bear the burden of proving that Plaintiff did not exhaust administrative remedies before his filed this action. *Wilson v. Epps*, 776

F.3d 296, 299 (5th Cir. 2015). At the summary judgment stage, Defendants must prove "beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon*, 596 F.3d at 266. Sheriff Weatherford's conclusory statement, unsupported by any documentary evidence, is not competent summary judgment evidence to support Defendants' assertion that Plaintiff did not exhaust administrative remedies. Therefore, the Motion for Summary Judgment should be denied with respect to Plaintiff's alleged failure to exhaust.

Recommendation

Defendants' Motions for Summary Judgment should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of August, 2022.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

5

TAB 4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

BLAZE HICKS                                §

VS.                                        §          CIVIL ACTION NO.  9:19-CV-212

BRYAN SEALES, ET AL.                       §

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Blaze Hicks, a prisoner previously confined at the Tyler County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Brad Seales, Kerry Perry, and Donald Calhoun.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge.  The magistrate judge recommends denying Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.

The court has received and considered the Reports and Recommendations of United States Magistrate Judge filed pursuant to such order, along with the record and the pleadings.  Defendants filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the court concludes the objections are without merit.

In support of their argument that Plaintiff did not appeal administrative remedies before filing this action, Defendants rely on the affidavit of Sheriff Weatherford, in which he states that "Blaze

Hicks did not appeal any grievances regarding the matters about which he complains in this lawsuit before he filed litigation. Additionally, it does not appear that Blaze Hicks has ever appealed any grievance." (Doc. #84-2 at 3.) Although Sheriff Weatherword states that he reviewed 594 pages of documents produced by the Defendants, there is no indication in the summary judgment record what those documents are. In addition, the Exhibit List submitted by Defendants (doc. #100 at 1) reflects that Defendants have 7 pages of Plaintiff's grievance records, but those grievances were not submitted as exhibits to the Motion for Summary Judgment. Thus, it is impossible for the court to determine the subject matter of those grievances, when they are dated, and whether they contain a response that Plaintiff could have appealed. Finally, the affidavits at issue in the cases cited by Defendants in their objections contain far more factual content than the conclusory affidavit submitted by Defendants here.

Based on the record before the court, there is a genuine issue of material fact regarding exhaustion. Therefore, the magistrate judge correctly concluded that Defendants' Motion for Summary Judgment should be denied.

ORDER

Accordingly, Defendants' objections (doc. #109) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (doc. #104) is **ADOPTED**. Defendants' Motion for Summary Judgment (doc. #84) is **DENIED**.

**SIGNED** this the **23** day of **September, 2022.**

_____
Thad Heartfield
United States District Judge

2

TAB 5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BLAZE HICKS | § | |
| VS. | § | CIVIL ACTION NO.   9:19-CV-212 |
| BRYAN SEALES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Blaze Hicks, a prisoner previously confined at the Tyler County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Brad Seales, Kerry Perry, and Donald Calhoon.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants filed a Motion for Summary Judgment. (Doc. #94.) Plaintiff has filed a Response. (Doc. #98.) This Report and Recommendation considers the merits of the Motion and Plaintiff's Response.

Factual Background

On September 23, 2019, Plaintiff alleges he was arrested at the direction of Defendant Seales after he was accused of murder. Plaintiff alleges he was arrested without a warrant or probable cause, and then unlawfully confined at the Tyler County Jail.

On October 27, 2019, Plaintiff was visiting with his grandparents at the Tyler County Jail. Plaintiff alleges Defendant Perry walked into the visitation room and told Plaintiff that the visit was ending early.  When Plaintiff asked why the visit was cut short, Defendant Perry allegedly grabbed

Plaintiff by the back of his shirt and neck, slammed him out of a chair, and then slammed his head against the wall.

After the incident, Plaintiff was placed in a holding tank. Plaintiff alleges he told Defendant Calhoon that he needed medical assistance for a head injury because he was dizzy. Plaintiff alleges Defendant Calhoon denied his request for medical treatment. Plaintiff did not receive medical treatment until the next day when he was sent to the hospital.

<u>Defendants' Motion</u>

Defendants contend that Plaintiff's false arrest and false imprisonment claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Defendants also contend that they are entitled to qualified immunity with respect to the claims of excessive force and delayed medical treatment.

<u>Standard of Review</u>

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for

2

summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

<u>Analysis</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*I. False Arrest and Imprisonment*

Plaintiff contends that he was falsely arrested and falsely imprisoned by Defendant Seales because there was no probable cause for Plaintiff's arrest, in violation of the Fourth Amendment to the United States Constitution. In *Heck v. Humphrey*, the United States Supreme Court concluded

that a claim calling into question the legality of a conviction or confinement is not cognizable in a civil rights action unless a plaintiff first establishes that his conviction has been overturned, expunged, or declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

Plaintiff was convicted of murder while this action was pending. Because Plaintiff's Fourth Amendment claims concerning his arrest and imprisonment call into question the validity of his conviction, they are not cognizable in a civil rights action until the conviction is reversed or otherwise invalidated. *Id*. at 489; *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006). Therefore, the false arrest and false imprisonment claims should be dismissed without prejudice to Plaintiff's ability to file a lawsuit if the conviction is overturned or declared invalid.

## II. Qualified Immunity

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must determine whether Plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a

22-40755.447

constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Plaintiff's allegations meet the second prong of the test because his rights to be free from the use of force without provocation and his right to medical treatment were clearly established at the time of the alleged violations. Thus, the court must determine whether Plaintiff has alleged facts supporting his claims that his constitutional rights were violated.

### A. Excessive Force

The use of force against a pretrial detainee is excessive and violates the Fourteenth Amendment if the force was objectively unreasonable in light of the facts and circumstances facing the defendant. *Fairchild v. Coryell Cnty.*, 40 F.4th 359, 362 (5th Cir. 2022). Objective reasonableness is determined "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). The following non-exhaustive factors are relevant to the reasonableness inquiry: (1) the relationship between the need to use force and the amount of force used; (2) the extent of the plaintiff's injuries; (3) any efforts made to limit the amount of force used; (4) the severity of the security problem; and (5) whether the plaintiff was actively resisting the officer. *Id.*

5

In his Original Complaint, Plaintiff stated, under penalty of perjury, that Defendant Perry slammed his head into the wall without cause. Defendant Perry offers a vastly different account of the incident. Defendant Perry contends that Plaintiff threatened the safety and security of the jail when he created a disturbance in the visitation room, refused to obey an order to end the visit, and then charged at and wrestled with Defendant Perry. At the summary judgment stage, the court may not make credibility determinations and must accept Plaintiff's version of the facts as true. There is a genuine issue of material fact regarding the circumstances of the use of force, and Defendant Perry is not entitled to qualified immunity at this stage.

### B. Deliberate Indifference to Serious Medical Needs

Plaintiff alleges Defendant Calhoon was deliberately indifferent to Plaintiff's serious medical needs by failing to ensure he received medical treatment after the use of force.

The Fourteenth Amendment ensures the safety of pretrial detainees, while the Eighth Amendment applies to convicted prisoners. *Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019). Because there is no significant distinction between detainees and convicted prisoners concerning their health and safety and medical care, the same standard applies to the constitutional claims of both categories of prisoners in cases involving episodic acts. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). "When the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate." *Id*. An officer's failure to provide a detainee with immediate medical treatment is considered an episodic act or omission. *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011). Therefore, the deliberate indifference standard applies.

6

The deliberate indifference standard is a subjective inquiry; Plaintiff must establish that the defendant was aware of an excessive risk to Plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer v. Brennan*, 511 U.S. 825, 840-41 (1994); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Deliberate indifference is an extremely high standard for the plaintiff to meet. *Baughman*, 935 F.3d at 307. Demonstrating that the defendant was negligent or failed to act reasonably is not enough to show a constitutional violation. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). The plaintiff must show that the official conduct was wanton, which is defined as reckless. *Baughman*, 935 F.3d at 307. Medical records of sick calls, examinations, diagnoses, and medications may rebut a prisoner's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Williams v. Hampton*, 797 F.3d 276, 280-81 (5th Cir. 2015) (noting that deliberate indifference requires a state of mind "more blameworthy" than negligence); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."). Nor does a prisoner's disagreement with his medical treatment amount to a constitutional violation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

7

In an affidavit, Defendant Calhoon states that he was called to the jail at Plaintiff's request, and he went to the holding cell to talk to Plaintiff. (Doc. #94-4 at 3.) Defendant Calhoon described the interaction as follows:

> Hicks did not appear to be in any medical distress when I saw him. He was obviously angry, but he was moving normally, speaking normally, and did not seem to have any medical needs. He was not bleeding.
>
> Hicks told me that he wanted to go to the hospital. I closely observed Hicks and I did not see anything about his condition that led me to believe that he needed emergency medical treatment. I told Hicks Chief Jailer Michael Greaff has been notified of the incident. Jailers were also instructed to keep an eye on Hicks and to take him to the hospital if he appeared to have any medical needs. Hicks was closely watched for any medical problems, but none were observed.
>
> I never believed that Hicks had any serious medical needs. There was nothing about him that seemed hurt or in need of medical attention.

(Doc. #94-4 at 3.) Defendant also submitted Plaintiff's medical records from the following day. The records from the Tyler County Hospital show that Plaintiff complained of headache and nausea, but a CT scan was negative for abnormalities. (Doc. #94-5 at 3-4.)

The competent summary judgment evidence is insufficient to create a genuine issue of material fact that Plaintiff had a serious medical need, that Defendant Calhoon was aware Plaintiff had a serious medical need, or that he consciously disregarded a risk of harm to Plaintiff's health by failing to send him to the hospital immediately after the alleged use of force. Defendant Calhoon acknowledges that Plaintiff requested to go to the hospital, but based on the information available to Defendant, there was no reason for Defendant Calhoon to believe that Plaintiff needed emergency medical attention. Plaintiff's condition was monitored by other members of the jail staff, who were directed to bring Plaintiff to the hospital if necessary. Further, the competent summary judgment evidence does not reflect that Plaintiff suffered any harm as a result of the delay. Defendant

8

Calhoon's conduct does not rise to the level of egregious intentional conduct required to satisfy the deliberate indifference standard. *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Because Plaintiff has not shown that Defendant Calhoon violated his clearly-established rights under the Fourteenth Amendment, he is entitled to qualified immunity.

Recommendation

The claims against Defendant Seale should be dismissed without prejudice to Plaintiff's ability to file a lawsuit if his conviction is overturned or declared invalid. Defendants' Motion for Summary Judgment should be granted with respect to the medical claims against Defendant Calhoon and denied with respect to the excessive force claims against Defendant Perry.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 7th day of October, 2022.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

TAB 6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BLAZE HICKS | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-212 |
| BRYAN SEALES, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Blaze Hicks, a prisoner previously confined at the Tyler County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Brad Seales, Kerry Perry, and Donald Calhoon.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the claims against Defendant Seales without prejudice to Plaintiff's ability to file a lawsuit raising those claims if Plaintiff's conviction is overturned or declared invalid. The magistrate judge recommends granting Defendants' Motion for Summary Judgment with respect to the medical claims against Defendant Calhoon and denying the Motion with respect to the excessive force claims against Defendant Perry.

The court has received and considered the Reports and Recommendations of United States Magistrate Judge filed pursuant to such order, along with the record and the pleadings. Defendant Kerry and Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

ORDER

Accordingly, Defendant Perry's objections (doc. #124) and Plaintiff's objections (doc. #126 and doc. #127) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (doc. #123) is **ADOPTED**. Defendants' Motion for Summary Judgment (doc. #94) is **GRANTED** to the extent that the claims against Defendant Seales are **DISMISSED** without prejudice to Plaintiff's ability to pursue those claims if his conviction is overturned or declared invalid, and the claims against defendant Calhoon are **DISMISSED**. Defendants Seales and Calhoon are **DISMISSED** from this action. The Motion for Summary Judgment is **DENIED** with respect to the claims against Defendant Perry.

**SIGNED** this the **9** day of **November, 2022.**

Thad Heartfield
United States District Judge

22-40755.475

TAB 7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BLAZE HICKS | § | |
| VS. | § | CIVIL ACTION NO. 9:19-cv-212 |
| KERRY PERRY | § | |

ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Defendant has filed an interlocutory appeal of the order denying qualified immunity, and the appeal is currently pending before the United States Court of Appeals for the Fifth Circuit.  Because the interlocutory appeal is pending, the action should be stayed and closed until the Fifth Circuit issues its opinion. After due consideration, it is

**ORDERED** that this action is **STAYED** and **ADMINISTRATIVELY CLOSED** pending resolution of the appeal.

**SIGNED this the 21st day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

TAB 8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing instrument was served to Appellant in the above entitled and numbered cause on February 22, 2023, in the following manner:

  <u>X</u>  Via CMRRR: 9414 8361 0426 2477 1860 34

Mr. Blaze Hicks, #02380289
TDCJ – Ferguson Unit
12120 Savage Drive
Midway, Texas 75852

<u>s/David Ryan Herring Iglesias</u>
David Iglesias

# TAB 9

**TYLER CO. SHERIFF OFFICE**　　　　　　　　　　　　　　　Offense: 19004064
**702 NORTH MAGNOLIA**
**WOODVILLE, TEXAS 75979**
**409-283-2172**

## Offense Narrative

Sunday, October 27th, 2019, at approximately 1320 hrs, I, Investigator Brian Seales, was installing a new floor in communications at the Tyler County Sheriff's Office when an inmate, who was in visitation, became agitated and began cursing. Soon after this began and continued, I heard what sounded to be an object hit the visitation table/window. Communications Officers advised the inmate was Blaze Hicks and the jailer on duty was en route to the visitation room.

I heard the jailer enter visitation and advise the inmate. Details of what was advised were not heard. I heard a scuffle in the visitation room and I then stood up to see what was occurring. At that time, I observed the jailer, Kerry Perry, to have the inmate, who I identified as Blaze Hicks, against the wall of visitation. It appeared Perry was attempting to gain control of Hicks by holding him in place. I then went to the jail to assist.

Upon my arrival in the jail, Jailer Perry had Hicks outside of visitation and appeared to have continued to attempt to gain control of him. I then took hold of Hicks' right arm and advised him to put his hands behind his back. Hicks refused. Talking with Hicks seemed to calm the situation. I maintained my hold of Hicks' arm and stood him up, pulling his shirt back down into place, as Jailer Perry retrieved the keys to place Hicks back in his cell.

Jailer Perry then returned advising Hicks he would be putting him back in his cell. Hicks responded that he wasn't going back to the cell. Jailer Perry then opened the door to Detox, to secure Hicks for the time being. Hicks continued to spout profanities and advised he wanted to fight Jailer Perry, but went into Detox voluntarily. Once Hicks was secured in Detox, I then left the jail.

Hicks' grandparents, who were at visitation, requested to speak with someone about what occurred. Frank and Shirley Gore expressed concern for their grandson as they advised he had hit his head on the wall. I advised both that Hicks was placed into the Detox cell and was fine. Mr. and Mrs. Gore wished to file a complaint and make a statement regarding the incident. I provided them with a complaint form as well as a voluntary statement form to complete.

B. Seales

22-40755.350

TAB 10

Sunday October 27, 2019

At approximately 1322, I, Byron Stowe, was standing at the information window while Blaze Hicks was having his visitation with his grandparents, Mr & Mrs. Gore.

Blaze had been loud during the conversation. At the time of the incident Blaze slammed the phone down, got up and walked to the door and punched the door. The jailer, Kerry Perry, heard the commotion and went to the visitation room. Blaze got back on the phone. I remained at the end of the filing cabinets near the window. Kerry advised Hicks that his visitation was over. He approached Hicks and a struggle began. I saw Hicks wrestle with Kerry and then go to the floor. I then saw Kerry take Hicks out of the visitation room to the hall. Hicks was ahead of Kerry, turned and went towards him. Brian Seales had entered the jail to assist. Hicks was restrained and placed in the Detox cell.

Byron L Stowe,TCO

TAB 11

On October 27, at approximately 1322 hours I officer Kerri Perry was working visitation, inmate Blaze Hicks was visiting his grandparents. Inmate Blaze Hicks got upset with his grandparents started yelling and hit the phone along the metal plate at visitation. I officer Perry then went to visitation and told Blaze Hicks your visit is up, he started cursing and charged me, I then grab Blaze Hicks the shirt removed him from visitation placed him in Detox so he could calm down and I officer Perry resume my normal duties.

# TAB 12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| **BLAZE HICKS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 9:19-cv-212** |
| | § | |
| **BRIAN SEALES, ET AL.,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## AFFIDAVIT OF DONALD CALHOON

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF TYLER | § |

Before me, the undersigned notary, on this day personally appeared Donald Calhoon, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is Donald Calhoon IV. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct."

"I am employed as a sheriff's deputy at the Tyler County Sheriff's Office in the capacity as Patrol Sergeant. I have served in that capacity at all times relevant to this litigation.

"On October 27, 2019, Blaze Hicks began yelling at his grandparents during a visitation. During the visitation, Hicks slammed the telephone, punched a wall, and would not calm down.

"This type of behavior puts the safety and security of the Jail at risk. Inmates who engage in this type of behavior often provoke other inmates to act out against the inmate. This behavior also incites other inmates to act in the same manner. Therefore, any disruptive behavior such as Hicks' behavior must be swiftly and decisively stopped so that the safety of inmates and Jail employees is not placed at risk.

"Understanding that this behavior put the safety and security of the Jail at risk, Jailer Perry told Hicks that his visit was terminated and ordered him to his cell. Hicks refused to follow Jailer Perry's orders and threatened to fight him. This behavior also placed the safety and security of the Jail at a significant risk.

1

"After Hicks was placed in a detox cell, I was request to come to the jail at Hick's request. I went to the cell to check on him. Hicks did not appear to be in any medical distress when I saw him. He was obviously angry, but he was moving normally, speaking normally, and did not seem to have any medical needs. He was not bleeding.

"Hicks told me that he wanted to go to the hospital. I closely observed Hicks and I did not see anything about his condition that led me to believe that he needed emergency medical treatment. I told Hicks Chief Jailer Michael Greaff has been notified of the incident. Jailers were also instructed to keep an eye on Hicks and to take him to the hospital if he appeared to have any medical needs. Hicks was closely watched for any medical problems, but none were observed.

"I never believed that Hicks had any serious medical needs. There was nothing about him that seemed hurt or in need of medical attention.

"Even though Hicks seemed to be alright, he was taken to a local hospital the following day. There, he was seen in the emergency room and was treated by medical professionals there. He was medically cleared to return to the Jail hours later.

"Hicks was never refused medical treatment. Neither I nor any other Tyler County employee ever ignored his complaints. Hicks was never treated incorrectly, and no one knew of and ignored any of his medical needs. Hicks was treated well and given all the medical treatment which could be provided to him.

"Neither I nor any other Tyler County employee ever retaliated against Hicks for any reason. Hicks was never punished or retaliated against while in the Jail.

"Further Affiant sayeth not."

DONALD CALHOON

SUBSCRIBED AND SWORN to before me on this the 30 day of March, 2022.

CAROL POWERS
Notary Public
State of Texas
ID # 12648975-3
My Commission Expires 05-14-2024

NOTARY PUBLIC in and for
the State of Texas
My commission expires: 5-14-24

2

TAB 13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| **BLAZE HICKS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 9:19-cv-212** |
| | § | |
| **BRIAN SEALES, ET AL.,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## AFFIDAVIT OF BRYAN WEATHERFORD

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF TYLER | § |

Before me, the undersigned notary, on this day personally appeared Bryan Weatherford, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is Bryan Weatherford. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct."

"I am the duly-elected sheriff of Tyler County, Texas. As the sheriff, I am also the keeper of the Tyler County Jail and am the custodian of records for the Tyler County Jail and Tyler County Sheriff's Office. I have served in that capacity at all times relevant to this litigation.

"I have reviewed the documents produced by the Defendants in this litigation. These documents are bates numbered 00001 through 00594. Each of these documents were made at or near the time of the events which they document. These documents were made by, or from information transmitted by, someone with knowledge of the facts which they document. They were maintained by the Tyler County Jail in the ordinary course of regularly-conducted activities. These records were made as a part of the regular practice of the Tyler County Sheriff's Office and Jail.

"Grievances submitted by inmates in the Tyler County Jail are first forwarded to the jail captain for investigation and response. When the jail captain responds to the grievance, the response is given to the inmate who submitted the grievance. The inmate who submitted the grievance then has three days after receiving the response to appeal or object to the response in writing. For in inmate to exhaust the grievance procedure, the inmate must submit an appeal of the response to the grievance.

1

**Bates 00595**
22-40755.271

"This process is outlined in the Jail's Inmate Handbook. Blaze Hicks was given a copy of the Jail's Inmate Handbook discussing the grievance procedure when he was booked into the Jail. Blaze Hicks also signed an acknowledgment of receiving the inmate handbook.

"The Tyler County Jail also has an inmate request form. The inmate request form is an avenue for inmates to ask questions or make requests. The inmate request form is not related to the grievance procedure and does not take the place of the grievance procedure.

"Blaze Hicks did not appeal any grievances regarding the matters about which he complains in his lawsuit before he filed litigation. Additionally, it does not appear that Blaze Hicks has ever appealed any grievance.

"Mr. Hicks never exhausted his administrative remedies because he never appealed the responses to any grievances. Also, he never appealed a grievance to me regarding the subject matter of this lawsuit before he filed his Original Complaint.

"Further Affiant sayeth not."

_____
BRYAN WEATHERFORD

SUBSCRIBED AND SWORN to before me on this the __7__ day of February, 2022.

CAROL POWERS
Notary Public
State of Texas
ID # 12648975-3
My Comm. Expires 05-14-2024

_____
NOTARY PUBLIC in and for
the State of Texas
My commission expires: 5-14-24

2

Bates 00596
22-40755.272